M. E. BRADFORD et al., Appellants, v. M. E. WATSON et al., Appellees.

Opinion Filed May 27, 1913.

Under the statute, where a life insurance policy is made payable to the "executors, administrators or assigns" of the decedent,

the insurance is in law payable to the surviving widow and children of the decedent. Such insurance when the decedent leaves a widow and children is not a part of the decedent's estate for the purpose of paying debts, or for distribution; and the administratrix of the decedent's estate as such is not entitled to collect the insurance. Consequently the sureties on the bond of the administratrix are not liable for the application of the insurance actually collected by the administratrix.

Appealed from the Circuit Court of Escambia County.

Order affirmed.

*E. C. Maxwell*, for Appellants;

*Blount* & *Blount* & *Carter*, for Appellees.

WHITFIELD, J.—The appellants brought suit for an accounting by an administratrix of a decedent's estate and to require the administratrix and her bondsmen to pay any balance found to be due to them as the children of the decedent. Among other matters the answer of two of the defendants contained the following:

"$2\frac{1}{2}$. These defendants further answering the second paragraph of the said bill, say, that on the 17th day of February, A. D. 1872, the Governor of the State of Florida approved an Act, theretofore passed by the Legislature of the State of Florida, wherein and whereby it was provided as follows, to-wit:

'Section 1. That whenever any person shall die in this State, leaving insurance upon his or her life, the said insurance shall inure exclusively to the benefit of his or her child or children, husband or wife, in equal portions, or to any other person or persons for whose

use and benefit said insurance is declared in the policy; and the proceeds thereof shall in no case be liable to attachment, garnishment, or any legal process by any creditor or creditors of the person whose life was so insured, unless said policy declares that said insurance was effected for the benefit of such creditor or creditors.'

That the said Act was in effect without change when the said policy upon the life of the said Henry Watson was issued and delivered to him, and until the year A. D. 1897, when it was slightly amended; that the said policy was issued and delivered, and the contract thereby made consummated, in Escambia County, State of Florida, in which county the said Henry Watson then, and until the time of his death, lived; that the proceeds of the said policy were, as alleged in the said bill, by the terms thereof, payable to the 'Executors, administrators and assigns of the said Henry Watson;' that these defendants are advised and believe, and so aver, that such of the proceeds of the said policy as were not paid to the said creditor of the said Henry Watson, deceased, who had the same in pledge as aforesaid, did not come to the hands of the said Minnie P. Watson, as Administratrix of the estate of Henry Watson, to be administered as assets of the said estate, and that these defendants, as sureties upon her bond as such Administratrix, never were, and are not, liable to the complainants for the sum paid as the proceeds of the said policy."

An exception to this portion of the answer of one of the sureties on the administratrix' bond and by the administrator of the other surety, was overruled and the complainants appealed from that ruling alone.

The question to be determined is whether the sureties on the bond of the administratrix of the insured are

liable on the bond for the proceeds of a life insurance policy that was payable to the "executors, administrators or assigns" of the decedent and was collected by the administratrix and not paid to the beneficiaries designated by the statute. The policy was apparently not assigned by the insured in his life time, and under the statute, set out in the quoted part of the answer, the proceeds of the life insurance policy "shall insure exclusively to the benefit of his children and wife in equal portions," the insurance not having been effected for the benefit of any creditor.

For the appellants it is contended that as the proceeds of the insurance policy were by the terms of the policy payable to the "executors, administrators or assigns" of the decedent the administratrix was a proper party to collect the proceeds, and as she actually collected the proceeds as administratrix, the sureties on her official bond as administratrix are liable for the proper application thereof. The appellees insist that the administratrix did not receive the proceeds of the insurance policy "by virtue of or under color of her office as administratrix." In support of their contention the appellees argue that the statute fixes the beneficiaries under the facts of this case as the wife and children of the decedent, and a payment of the proceeds to the administratrix as such would not relieve the insurance company from liability to the real beneficiaries, and such payment to the administratrix would not make the sureties on her bond liable for a misapplication of the proceeds, "for the reason that the insurance money which came into her hands did not come to her in her capacity as administratrix, as she was not entitled to it either as general assets of the estate, or for the purpose of distribution."

In Pace v. Pace, 19 Fla. 438, it was held under the statute herein referred to, that where an insurance policy is "for the benefit of the estate of the insured," the insurance inures exclusively to the benefit of the only child of the insured, he leaving no wife or other child at his death ;and that the administrator of the estate of the insured as such, was not entitled to collect the proceeds of the policy, such proceeds not being assets of the estate or subject to distribution by the administrator, and that therefore the sureties upon the bond of the administrator were not liable for a misappropriation of the proceeds by the administrator.

In Maclean v. Fisher, 60 Fla. 331, 53 South. Rep. 614, it was held that a policy of insurance payable to the "executors, administrators or assigns" of the insured is in effect payable to and for the benefit of the estate of the insured.

The effect of the quoted statute upon the policy that was made payable to the "executors, administrators or assigns" of the decedent, was at the death of the insured leaving a wife and children, to make the policy payable to the wife and children of the decedent. This being so the policy was in law not payable to the administratrix as such; it was not a part of the decedent's estate for the purpose of paying debts, or for distribution; the administratrix as such had no duty to perform with reference to such insurance and was not entitled to collect the proceeds; and as a consequence the sureties on the bond of the administratrix are not liable for the application of the proceeds that were actually collected by the person who was administratrix of the estate of the decedent, if the bond is in effect "conditioned to faithfully perform all her duties as such administratrix ac-

cording to law," as required by Section 2347 of the General Statutes of 1906.

The order overruling the exception to paragraph 2½ of the answer is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.