SUSAN M. SLOAN, *Plaintiff in Error,* v. CHARLES B. SLOAN, *Defendant in Error.*

Opinion Filed February 10, 1917.

An insurance policy made payable to the insured, "his executors, administrators and assigns," may be bequeathed as a part of a general residuary legacy of "all my other personal property."

Writ of Error to Circuit Court for Duval County; George Couper Gibbs, Judge.

Judgment affirmed.

*Marion & Waybright,* for Plaintiff in Error;

*Baker & Baker,* for Defendant in Error.

WHITFIELD, J.—The declaration herein is as follows:

"Susan M. Sloan, by her attorneys, Marion & Way-bright, sues C. B. Sloan, of Duval County, State of Florida:

"1.   For that the said defendant on, to-wit, the 16th day of May, A. D. 1913, was indebted to the plaintiff in the sum of Fourteen Hundred and Seventy-two Dollars and forty-seven cents ($1472.47), money payable by the defendant to the plaintiff for money received by the defendant for the use of the plaintiff.

"2.   And in a like sum for money lent by the plaintiff to the defendant.

"3.   And in a like sum for money found to be due from the defendant to the plaintiff on accounts stated between them.

"4.   And for interest at the rate of .eight per cent. per annum upon the said sum of $1472.47 from the said 16th day of May, A. D. 1913.

"Wherefore this plaintiff brings this action and claims damages in the sum of Three Thousand Dollars ($3,000.00)."

The pleas filed by the defendant, C. B. Sloan, are:

"1.   That he was never indebted as alleged.

"2.   That the several supposed causes of action in said declaration mentioned are one and the same, to-wit, the supposed cause of action in the first count mentioned, and not different causes of action; that the money alleged to have been had and received by and lent to the defendant was the proceeds of a policy of life insurance in the Washington Life Insurance Company on the life of one Joseph B. Sloan, deceased, the late husband of the plaintiff; that said policy was payable to the said Joseph B. Sloan, his executors, administrators and assigns, by the terms thereof; that the said Joseph B. Sloan died leaving his last will and testament, since duly probated and

admitted to record in the County Judge's Court in and
for Duval County, Florida, and that in and by said last
will and testament the said Joseph B. Sloan devised and
bequeathed to his wife one-third (1/3) share or part of,
in and to all his property, real and personal, and devised
and bequeathed the remaining two-thirds (2/3) there-
of to certain other persons named therein, to be equally
divided between them; all of which will more fully ap-
pear by and from a copy of the last will of Joseph B.
Sloan hereto attached and made a part hereof, and hence
so bequeathed and disposed of the proceeds of said life
insurance policy in like manner as he bequeathed other
personal property, and as he had a lawful right to do ac-
cording to the statute in such case provided; and this de-
fendant as the duly qualified executor of said will re-
ceived and holds the proceeds of such life insurance as
a part of the assets of the estate of said Joseph B. Sloan
for distribution, and does not hold such proceeds under
such circumstances as to come within the implied prem-
ises and undertakings of the several supposed causes of
action sued upon."

The will referred to in the 2nd plea is as follows:

"I, Joseph B. Sloan, of Jacksonville, Duval County,
Florida, being of sound and disposing mind, do make
this my last will and testament, hereby revoking all wills
by me at any time heretofore made.

"After the payment of all my just debts and funeral
expenses, I give, devise and bequeath as follows:

"1. I give, devise and bequeath to my wife, for and
during the term of her natural life, my residence in the
City of Jacksonville, Duval County, Florida, described
as Lot Three (3) in Block Thirty-two (32), East Jack-
sonville, at the Southeast corner of Palmetto and Ashley
Streets, and also all the household goods and furniture of

which I shall die possessed; and at her death the same shall be divided equally between my nephew Charles Lawton Sloan, my sister Mrs. B. H. Prouty and my sister-in-law Lillian G. Sloan, all of Duval County, Florida, and said property shall vest in them absolutely; but in the event of the death of my said sister or my said sister-in-law, or both of them, before the death of my wife, said interest of my said sister, or my said sister-in-law, or both, as the case may be, shall vest in my said nephew, his heirs and assigns forever.

"2.    I give, devise and bequeath to my wife one-third interest in all other real estate for and during the term of her natural life, and said interest shall be divided, at the time of her death, between my said nephew, sister and sister-in-law, share and share alike; but in the event of the death of my said sister or sister-in-law, or both of them, before the death of my wife, such interest of my said sister or sister-in-law, or both, as the case may be, shall vest in my nephew, his heirs and assigns, forever. The other two-thirds interest in said real estate, besides the life estate hereby provided for my said wife, shall be divided equally between my said nephew, sister and sister-in-law, at the time of my death; but in the event that either my said sister or sister-in-law shall die prior to my death, such interest of the one so dying shall vest absolutely in my said nephew, his heirs and assigns, forever.

"3. I give and bequeath a one-third interest in all my other personal property to my wife, and the remaining two thirds shall be divided equally between my said nephew, sister and sister-in-law; but in the event that either my said sister or sister-in-law shall die prior to my death, such interest of the one so dying, or both,

shall vest absolutely in my said nephew, his heirs and assigns forever."

A demurrer to the second plea was overruled and judgment rendered for the defendant at a hearing before the court under a stipulation. The plaintiff took writ of error.

The statute provides that "Whenever any person shall die in this State leaving insurance on his life the said insurance shall inure exclusively to the benefit of the child or children and husband or wife of such person in equal portions, or to any person or persons for whose use and benefit such insurance is declared in the policy; and the proceeds thereof shall in no case be liable to attachment, garnishment, or any legal process in favor of any creditor or creditors of the person whose life is so insured, unless the insurance policy declares that the policy was effected for the benefit of such creditor or creditors; Provided, however, That whenever the insurance is for the benefit of the estate of the insured or is payable to the estate or to the insured, his or her executors, administrators, or assigns, the proceeds of the insurance may be bequeathed by the insured to any person or persons whatsoever or for any uses in like manner as he or she may bequeath or devise or any other property or effects of which he or she may be possessed, and which shall be subject to disposition by last will and testament."

The plea avers that the insurance policy "was payable to the said Joseph B. Sloan, his executors, administrators and assigns." Under the statute above quoted an insurance policy so made payable "may be bequeathed by the insured to any person or persons whatsoever or for any uses in like manner as he or she may bequeath

or devise any other property or effects of which he or she may be possessed."

If such an insurance policy "may be bequeathed by the insured" "in like manner" as he may bequeath "any other property or effects," it may be included in a general residuary bequest of personalty and in this case was included in the bequest by the insured of "all my other personal property," made in the third subdivision of his will.

It does not appear from the plea that the insurance policy was merely a power of appointment or assignment; but the policy referred to in the plea may be classed as property that may be bequeathed in like manner as any other property or effects.

As the bequest made of the policy was authorized by law, the judgment is affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and ELLIS, JJ., concur.