THE PENN MUTUAL LIFE INSURANCE COMPANY, *et al.*, v. RALPH K. ROBERTS, as Executor.

162 So. 881.
Opinion Filed July 8, 1935.
Petition for Rehearing Denied August 27, 1935.

*Lloyd Z. Morgan, William D. Morgan, Rogers & Towers,*
*C. D. Towers, C. C. Bailey, M. J. Roess, Jr.,* and *Percy L.*
*Thomas,* for Appellants;

*George C. Bedell* and *Chester Bedell,* for Appellee.

PER CURIAM.—Herman A. Haft died testate leaving two policies of insurance upon his life. The policies had been issued by the Penn Mutual Life Insurance Company and were made payable to the executors, administrators and assigns of the insured. The present appeal is from a final decree of the Circuit Court judicially construing the last will and testament of said Herman A. Haft insofar as it was asserted to be applicable to the disposition of the life insurance policies' proceeds amounting to $7442.25 payable at the time of testator's death.

The facts as disclosed by the transcript of record are in general as follows:

The last will and testament of said Herman A. Haft contained certain provisions which may be stated in condensed form as follows: (1) a revocation of all former wills; (2) a direction to the executor to pay funeral expenses, not to exceed $150.00; (3) a direction to pay the debts of the testator, a memorandum of such debts being attached to said will for the guidance of the executor; (4) a bequest of $5,000.00 to The Florida National Bank of Jacksonville in

trust for certain purposes therein designated; (5) a further bequest of $1,000.00 to Albert M. Haft, the nephew of the testator, and also by way of a conditional bequest, an interest in the trust above mentioned and a share in the residue, which latter provisions were in lieu of a note held by the nephew; (6) there were likewise, two additional bequests of $50.00 each; (7) the final provision of the will in the form of a residuary clause disposing of "the rest, residue and remainder" of the testator's estate to his nephew, Albert M. Haft and to his two adopted children, Elsie Haft and Walter Albert Haft, the share of one-third to each being fixed by the codicil to said last will and testament.

Soon after Haft's death, the Penn Mutual Life Insurance Company and the executor, Roberts, entered into correspondence looking toward a settlement of the policies. This correspondence culminated in a letter dated July 29, 1932, written by The Penn Mutual Life Insurance Company to the executor, in which a form of settlement was outlined. This letter closed with the inquiry whether or not the settlement outlined, was acceptable to the executor. Thereafter the company, in accordance with the settlement suggested, mailed two checks to its local agent at Jacksonville, Florida.

One check in the sum of $4,961.50 was made payable to the order of Elsie Haft Murphy, Elizabeth Haft, Guardian of Walter Albert Haft, and Ralph K. Roberts, Executor of the estate of Herman A. Haft, deceased. As to the amount represented by this check, there is no controversy whatever. The other check in the sum of $2,480.75 was payable to the order of Albert M. Haft. The sum represented by this second check is one of the issues of this controversy.

The executor, Roberts, surrendered the policies in question, to the local agent and received therefor the two checks

above described and delivered the $2,480.75 check to Albert M. Haft, identified him at the bank, placed his own endorsement upon the bank of said check and assisted Albert M. Haft in procuring the money thereon.

On the 12th day of January, 1933, the executor, Roberts, filed his bill of complaint, seeking a construction of the last will and testament of Herman A. Haft, naming The Penn Mutual Life Insurance Company as one of the defendants.

Said company filed its answer to said bill of complaint, setting up among other things; (1) that the proceeds of the two insurance policies upon the life of Herman A. Haft, payable to his executors, administrators and assigns, passed under the residuary clause of his will; one-third to Albert M. Haft and two-thirds to the testator's two adopted children; (2) that the payment of one-third of the insurance proceeds to Albert M. Haft, having been made at the direction or request or with the knowledge and consent of the executor, Roberts, was in legal effect, a discharge of the company's debt to the executor. That said checks were accepted by the executor upon the surrender by him of said policies and that the executor thereby became charged with the proper distribution of said funds. .

The cause thereafter proceeded in due course to final hearing and resulted in the entry of a final decree dated February 9, 1934, which, together with a subsequent decree of March 6, 1934, supplemental thereto, are the decrees now appealed from in this case.

In the final decree the Chancellor provided among other things that Albert M. Haft should return the $2,480.75 received by him, but that in default thereof, that said sum should be paid by The Penn Mutual Life Insurance Company. The effect of this requirement was, of course, to hold that the Penn Mutual Life Insurance Company had

not fully discharged its obligation by payment of the two checks hereinbefore mentioned.

The final and supplemental decrees further provided that the $5,000.00 bequest in paragraph 4 of the will should be increased to $6,055.65, the amount required to purchase the mortgage referred to in said paragraph four of the will, and held that the payment of the debts to the testator should be from the proceeds of the insurance policies.

The final decree also provided that a $1,000.00 bequest contained in paragraph 5 (a) of the will, should be subordinated to the $5,000.00 bequest (increased by the court to $6,055.65) set forth in paragraph 4 of the will.

The settled construction of Section 7065 C. G. L., 4977 R. G. S., is to the effect that under that statute the proceeds of a life insurance policy made payable as the policies in this case were, to the testator's executors, administrators or assigns, are subject to disposition by last will and testament as any other property or effects of which the testator may die possessed, whether to an individual legatee, as in the Maclean v. Fisher, 60 Fla. 331, 53 Sou. Rep. 614, or by residuary bequest as in Sloan v. Sloan, 73 Fla. 345, 74 Sou. Rep. 407, or made available to pay debts if there be no conflicting widow's rights, as in Milam v. Davis, 97 Fla. 916, 123 Sou. Rep. 668.

Said Section 7055, *supra,* provides that "whenever the insurance is for the benefit of the estate of the insured or is payable to the estate, or to the insured, his or her executors, administrators or assigns, the proceeds of the insurance may be bequeathed by the insured * * * for any uses in like manner as he or she may bequeath or devise any other property or effects of which he or she may be possessed, and which shall be subject to disposition by last will and testament."

In this case it was shown that the will (as testator evidently knew at the time he made it) would have been meaningless and without effect unless it was the testator's purpose to deal with the proceeds of his life insurance policies instead of the small amount of assets (appraised at $93.47) be possessed otherwise. So the Chancellor's conclusion that the will was designed to dispose of the life insurance proceeds to accomplish its objects as stated in the several bequests therein set forth, was correct and should not be disturbed on this appeal—the question being solely as to the testamentary purpose and the statute allowing it to be fulfilled as found by the Circuit Judge.

. As to the construction of the will itself, it is evident, as found by the Chancellor, that the insurance company arrived at its own construction of the testator's will, as attested by a letter from its own counsel to the executor suggesting a method of settlement which the insurance company deemed proper and lawful. So the insurance company did not, as argued by it, succeed in discharging its obligation to the executor, Roberts, as such executor, merely because of the fact that such executor acquiesced in a proposition from the company placing its own construction upon its duties to pay, and assisting it in the identification of payee Haft, to whom it owed nothing under the circumstances, but to whom it drew its check payable to him in the mistaken belief that it did. We hold with the Chancellor that the proceeds of the life insurance policies did not, under the circumstances of this case, pass under the residuary clause of the will, but that such proceeds should be applied as the Circuit Court in its decree has held.

· There was no discharge of the insurance company as to the $2480.75 payment made by it to Haft in accordance with its own proposal through Roberts, the executor, because

there was no intention to pay Roberts as executor, in such manner, nor was Roberts, as executor, possessed of power to release a claim in favor of the estate, except in good faith and upon a sufficient consideration paid to such estate for that purpose. See: Scott v. Scott, 61 Ill. App. 103; Tustin v. Philadelphia & Reading Coal & Iron Co., 250 Pa. 425, 95 Atl. Rep. 595.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BUFORD, and DAVIS, J. J., concur.