Charlotte E. Lowe and Erving F. Lowe v. Joseph A. Lowe, Individually and as Executor of the Will of Albert N. Lowe, Deceased, and Joseph A. Lowe and The Safety Fund National Bank of Fitchburg as Trustees, et al.

194 So. 615
Opinion Filed March 15, 1940

*Bryant & Trantham,* for Appellants;
*W. R. Cade,* for Appellees.

TERRELL, C. J.—Albert N. Lowe, late of Polk County, died testate in November, 1936. His will having been duly probated, contained the following codicil or residuary clause:

"All the residue and remainder of my property and estate, real and personal, wherever situated, shall be divided into four equal shares. To my son Joseph A. Lowe, I give one of such shares; to my son, Erving F. Lowe, I give one of such shares; to my daughter, Charlotte E. Lowe, I give one of such shares; and the fourth one of such shares, I give to Joseph A. Lowe and The Safety Fund National Bank of Fitchburg, Trustees for the benefit of Ernest P. Lowe and others, under a certain Declaration of Trust dated September 28, 1923, as amended by a subsequent writing dated January 2, 1940, in trust for the benefit of my said son, Ernest P. Lowe, in accordance with the terms and conditions of said Declaration of Trust."

The wife of Albert N. Lowe predeceased her husband. At the time of his death, Albert N. Lowe had in effect certain policies of insurance which were collected by his executor, Joseph A. Lowe. The Bureau of Internal Reve-

nue claimed that the proceeds of the insurance policies were a part of the estate subject to taxation for estate tax purposes. The executor contended on the other hand that the insurance was no part of the estate of the decedent but that it passed to the individuals entitled under the statute to receive it rather than to them as distributees of the estate under the will.

In view of the controversy thus arising, the executor brought this suit to have the will construed. The court below held that the proceeds of the policies of insurance did not become a part of the estate by virtue of the residuary clause or codicil to the will. He further held that since the proceeds of said insurance were collected by the executor he now holds them as trustee for the six surviving children of the deceased. This appeal is from that decree.

The question for decision is whether or not the proceeds of the insurance policies passed under the law of Florida to the statutory beneficiaries of the testator or whether under the residuary clause or codicil to the will, they became a part of the testator's estate and passed to the residuary beneficiaries named in the will.

The applicable statute is 7065, Compiled General Laws of 1927, and is as follows:

"Whenever any person shall die in this State leaving insurance on his life, the said insurance shall inure exclusively to the benefit of the child or children and husband or wife of such person in equal portions, or to any person or persons for whose use and benefit such insurance is declared in the policy; and the proceeds thereof shall in no case be liable to attachment, garnishment or any legal process in favor of any creditor or creditors of the person whose life is so insured, unless the insurance policy declares that the policy was effected for the benefit of such creditor or creditors;

Provided, however, that whenever the insurance is for the benefit of the estate of the insured or is payable to the estate or to the insured, his or her executors, administrators or assigns, the proceeds of the insurance may be bequeathed by the insured to any person or persons whatsoever or for any uses in like manner as he or she may bequeath or devise any other property or effects of which he or she may be possessed, and which shall be subject to disposition by last will and testament."

The residuary clause was in general terms and made no mention of the insurance policies. Three of the policies were made to Addie M. Lowe and the fourth was made to the estate of the testator. Addie M. Lowe having predeceased her husband, the bequest in her favor failed.

In this situation, it has been generally held that the proceeds of the insurance do not pass under a general residuary clause. Bradford v. Watson, 65 Fla. 461, 62 So. 484. We approve that rule in this case and since no distribution was made of the insurance policies as provided in the proviso of the quoted statute, we hold that they passed to the surviving heirs of the testator under the first part of said statute.

It follows that the judgment below is affirmed.

This holding is not intended to overrule Slone v. Slone, 73 Fla. 345, 74 Sou. 407; the controlling facts being different in the two cases.

Affirmed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.