**PACIFIC MUT. LIFE INS. CO. v. JONES et al.**

**PROVIDENT LIFE & ACCIDENT INS. CO. v. JONES et al.**

**JONES et al. v. JONES et al.**

**Civ. Nos. 221M, 239M, 242M.**

United States District Court
N. D. Florida, Marianna Division.

Oct. 16, 1951.

Caldwell, Parker, Foster & Wigginton, Tallahassee, Fla., for plaintiffs.

Thomas Sale, Isler & Welch, Panama City, Fla., for defendants.

DE VANE, Chief Judge.

Each of these three cases presents the same legal question which will be disposed of in this memorandum decision.

Raymond A. Jones died testate, May 8, 1950 domiciled at Panama City, Bay County, Florida. His will was duly admitted to probate. After making certain specific bequests, the will provided that "all the rest, residue and remainder of my property of every kind and description, wherever located, I give, devise and bequeath to Trust Company of Georgia, a Georgia Corporation, with an office in Atlanta, as Trustee in Trust", one-half for his wife and the other half for his three children.

Jones had three insurance policies at the time of his death, two of them with the insurance companies named in the caption above and the third a United States Government World War I policy. The insurance company policies were payable to "the executors, administrators or assigns" of the insured. The government policy was payable to "the administrator, executor or estate" of the insured. Each of the insurance companies inter-pleaded in this court to have the court determine the legal disposition of the proceeds of the policies. The government paid the insurance to the executors of the estate of Raymond A. Jones, deceased, and they have likewise inter-pleaded for this court to determine the legal disposition of the proceeds of this policy. The executors of the estate of Raymond A. Jones, deceased, also filed in this court a disclaimer of any interest in the proceeds of the insurance policies. The question before the court is whether the proceeds pass to the widow and children in equal shares or whether the proceeds pass to the Trust Company of Georgia under the provisions of the will. The applicable Statute, Section 222.13 F.S.A.1941, is as follows: "Whenever any person shall die in this state leaving insurance on his life, the said insurance shall inure exclusively to the benefit of the child or children and husband or wife of such person in equal portions, or to any person for whose use and benefit such insurance is declared in the policy; and the proceeds thereof shall in no case be liable to attachment, garnishment or any legal process in favor of any creditor of the person whose life is so insured, unless the insurance policy declares that the policy was effected for the benefit of such creditor; provided, however, that whenever the insurance is for the benefit of the estate of the insured or is payable to the estate or to the insured, his executors, administrators or assigns, the proceeds of the insurance may be bequeathed by the insured to any person whatsoever or for any uses in like manner as he may bequeath or devise any other property or effects of which he may be possessed, and which shall be subject to disposition by last will and testament."

The law is well settled in Florida that the proceeds of these insurance policies do not pass to the executors and cannot be reached by creditors. See Flick's Estate, v. Commissioner, 5 Cir., 166 F.2d 733 and Florida cases there cited. It is, therefore, clear and the parties concede that the proceeds of these policies, either passes to the widow and the children to be shared alike, or to the Trust Company for their benefit as provided in the will of the deceased. The widow and children contend that the proceeds of the insurance should pass to them without regard to the will. They rely upon the following Florida cases as supporting their contention: Bradford v. Watson, 65 Fla. 461, 62 So. 484; Penn Mutual Life Insurance Co., v. Roberts, 120 Fla. 392, 162 So. 881; Lowe v. Lowe, 142 Fla. 266, 194 So. 615; Milam v. Davis, 97 Fla. 916, 123 So. 668.

The Trust Company contends that the proceeds of the policies should pass to it,

as trustee under the provisions of the will, to be administered by it in accordance therewith. The Trust Company relies upon: Sloan v. Sloan, 73 Fla. 345, 74 So. 407, and In re Seaton's Estate, 154 Fla. 446, 18 So.2d 20.

An analysis of these cases discloses that there exists in Florida good grounds for the contention of the widow and children of the deceased and of the Trust Company. The court has carefully considered all the Florida decisions bearing upon the question raised in these cases and has attempted to discover some legal basis for the apparent conflict in the above cited cases. However, the court is unable to find any legal basis for the apparent conflict, as is indicated in the Lowe and Seaton cases.

The court finds and holds that the facts in these cases as disclosed by the pleadings brings the cases clearly within the ruling of the Supreme Court of Florida in Re Seaton's Estate, 154 Fla. 446, 18 So.2d 20, which is the latest decision of the Supreme Court on the question. The Court, therefore, holds that the Seaton case is controlling here and that the proceeds of the insurance policies pass to the Trust Company of Georgia, as trustee under the will of Raymond A. Jones, deceased, to be administered by it in accordance with the provisions of the will.

A judgment will be entered in each case in conformity with the holding of the court in this memorandum decision.