Dunbar H. JOHNSON, as Executor of the Estate of Henry M. Remy, Deceased, Appellant,

v.

Edith H. REMY, Appellee.

No. 15082.

United States Court of Appeals, Fifth Circuit.

March 11, 1955.

———◆———

Dunbar H. Johnson, Miami, Fla., for appellant.

J. Marx Wilcox, Miami, Fla., Hudson & Cason, Miami, Fla., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

RIVES, Circuit Judge.

This is a contest between the widow of Henry M. Remy and the executor of his estate. Each is a citizen of the State of Florida, but the district court had jurisdiction under 28 U.S.C.A. § 1332, the action having originated by bill of interpleader filed by New York Life Insurance Company, a citizen of New York.[1]  The appeal is from summary judgment entered in favor of the widow.

---

[1] John Hancock Mutual Life Ins. Co. v. Kraft, 2 Cir., 200 F.2d 952; Ellington v. Metropolitan Life Insurance Co., 5 Cir., 217 F.2d 609; Cf. Austin v. Texas-Ohio Gas Co., 5 Cir., 218 F.2d 739.

In 1927, Remy obtained from New York Life Insurance Company a $10,000.00 life insurance policy in which his wife, Edith H. Remy, was named as beneficiary. In 1948, he changed the beneficiary in the policy from his wife, Edith H. Remy, to the executors, administrators or assigns of his estate.[2]

Remy died testate October 8, 1952, leaving his wife, but no children. In his will, after making a number of specific bequests, his wife was named as sole residuary legatee. The $10,000.00 life insurance policy which was payable to his estate was not specifically mentioned in the will. Briefly, the bequests made in the will and the two codicils thereto are as follows:

1. To Mrs. Mae E. Howard, described as "my good friend, * * * who has nursed me through many illnesses," certain shares of corporate stock, cash, acreage in Dade County, Florida, an automobile, and personal effects.

2. To testator's sister, $1,000.00.

3. To Pearl Treloar, $1,000.00.

4. To St. Edward's College, $2,500.00.

5. To Mrs. Edna V. Helland Lindum, nurse, $500.00.

6. Paragraph 9: "All of the rest, residue and remainder of my property of every kind or nature, whether real, personal or mixed, wherever found or situated, of which I may die seized or possessed or to which I shall be entitled at the time of my decease, I hereby give, devise and bequeath to my wife, Edith H. Remy, to have and to hold the same unto her, her executors, administrators, heirs and assigns, in fee simple forever."

The last codicil, executed in 1950, provided in part: "All special bequests and devises to my wife Edith H. Remy as contained in my said will are in lieu of dower in the event she should elect to take under my said will."[3]

The will was duly admitted to probate and Dunbar H. Johnson was appointed executor of decedent's estate. The widow, Edith H. Remy, elected to take dower in the decedent's estate and there is no dispute as to her right to make such election. The interpleader complaint was filed by the insurance company as a result of the demand of the executor for payment of the proceeds of the insurance.

The federal district court sitting in Florida must conform to the conflict of laws rule prevailing in Florida state courts.[4] Under that rule, the distribution of the proceeds of the insurance policy is governed by the law of the State of Florida; indeed, both parties agree that Florida law is controlling.[5]

2. His will discloses that his wife at one time became non compos. She has now been restored to competency.

3. There were no "special bequests and devises" to the wife unless that expression refers to the residuary clause. In any event, the appellee's argument has been based on the theory that she had to elect not to take under the will when she wanted to take dower.

4. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L. Ed. 1477; Tucker v. Texas Co., 5 Cir., 203 F.2d 918, 920.

5. "A life insurance policy which by its terms does not become a completed contract until delivery on payment of first premium is to be construed as a contract made in the state where the first premium is paid and the policy delivered, notwithstanding a recital that it is to be construed as though made in another state." Equitable Life Assur. Soc. of U. S. v. McRee, 75 Fla. 257, 78 So. 22, 24.

"The general rule is that the distribution of the proceeds of a life insurance policy is governed by the law of insured's domicile; subject to certain exceptions, as in the McRee Case, above cited, where the contract was consummated in another state and made payable in accordance with its laws." Milam v. Davis, 97 Fla. 916, 123 So. 668, 678.

Florida law controls also as to the construction of the will, and the distribution of the personal estate. Flick's Estate v. Commissioner, 5 Cir., 166 F.2d 733, 737; Albuquerque National Bank v. Cit-

The pertinent Florida statute is F.S.A. § 222.13, quoted in the margin.[6] The statute as originally enacted in 1872 contained only the first part of the present enactment. In 1897 the act was amended to add the proviso, and that proviso was amended to read as emphasized in footnote 5, supra, in 1903.[7] The sole question to be decided is whether the insurance inured to the widow under the statute, and hence was not an asset of the estate; or whether it was bequeathed by the residuary clause of the will rejected upon the widow's election to take dower. The views of the district court were succinctly expressed in its order on the motion for summary judgment.[8]

If it appeared, as stated by the district court, that the testator had no intention to bequeath the proceeds of the insurance policy, that would be the end of the case, for the Florida law seems to be settled that if it is evident that the residuary clause of the will was not designed to dispose of the life insurance proceeds, it will not be so construed and applied.[9]

▇ It must be remembered that the statement of the district court was not a finding of fact, for no evidence was taken, summary judgment having been entered on the admitted facts disclosed by the pleadings. Upon those facts we cannot agree with the district court that it is clear that the testator had no intention to bequeath the proceeds of the insurance policy. We think that the facts indicate the contrary intention. Originally, in 1927, the wife was named as beneficiary in the policy. In 1947 the will was executed. In 1948, Remy changed the beneficiary to the executors, administrators or assigns of his estate. In 1950, the last codicil was executed providing that all bequests and devises to the wife were in lieu of dower in the event the wife should elect to take under the will. The language of the residuary clause, paragraph 9 of the will heretofore quoted in full, seems to us extremely clear and definite as to intention if, under the Florida statute, the proceeds of the insurance constitute a part of the testator's estate and pass under such a general residuary clause. That question, involving mostly the construction of the statute, remains to be decided.

If the decedent had died intestate, it is clear that the proceeds of the insurance would have constituted no part of

izens National Bank in Abilene, 5 Cir., 212 F.2d 943, 948.

6. Section 222.13, Florida Statutes:
"Whenever any person shall die in this state leaving insurance on his life, the said insurance shall inure exclusively to the benefit of the child or children and husband or wife of such person in equal portions, or to any person for whose use and benefit such insurance is declared in the policy; and the proceeds thereof shall in no case be liable to attachment, garnishment or any legal process in favor of any creditor of the person whose life is so insured, unless the insurance policy declares that the policy was effected for the benefit of such creditor; *provided, however, that whenever the insurance is for the benefit of the estate of the insured or is payable to the estate or to the insured, his executors, administrators or assigns, the proceeds of the insurance may be bequeathed by the insured to any person whatsoever or for any uses in like manner as he may bequeath or devise any other property or effects of which he may be possessed, and which shall be subject to disposition by last will and testament.*" (Emphasis added.)

7. See history of the statute in full in Milam v. Davis, 97 Fla. 916, 123 So. 668, 671, 680, 681.

8. "* * * After argument of counsel and the Court being fully advised, concludes from a study of the will and codicils thereto, it appears that the testator had no intention to devise and did not devise the proceeds of his insurance policy. The naming of his widow as the residual legatee under the will indicates that the results of the statute F.S.A. § 222.13 were consistent with the desires of the testator in that the proceeds of the policy of insurance would inure to the benefit of the widow in addition to that portion of the estate included in the residuum devised by the testator."

9. Penn Mut. Life Ins. Co. v. Roberts, 120 Fla. 392, 162 So. 881, 883; Lowe v. Lowe, 142 Fla. 266, 194 So. 615, 616.

his estate but would have inured directly to the widow. That was settled in Pace v. Pace, 19 Fla. 438, decided in 1882, before the proviso to the statute was added, and in Bradford v. Watson, 65 Fla. 461, 62 So. 484, 485, decided in 1913, after the proviso had been amended to its present form. In each of these cases the decedent died intestate. In the more recent case, the Florida Supreme Court said:

"Even though the policy was payable eo nomine to the executor or administrator of the assured, the proceeds were not a part of the estate of the assured for the payment of debts or for distribution, by the administrator or executor, and the widow and children of the assured take the proceeds pursuant to the statute not as heirs or distributees but as 'strangers.' Pace v. Pace, 19 Fla. 438." 62 So. at page 485.

The next pertinent decision of the Supreme Court of Florida in point of time, and one clearly resembling this case in its facts, is Sloan v. Sloan, 73 Fla. 345, 74 So. 407, decided in 1917. There the testator left a policy of insurance payable to his executors, administrators and assigns. His will did not expressly mention the insurance or its proceeds but, after making a number of special bequests and devises, it contained the following clause, which the Florida Supreme Court referred to as a general residuary bequest of personalty:

" '3. I give and bequeath a one-third interest in all my other personal property to my wife, and the remaining two-thirds shall be divided equally between my said nephew, sister and sister-in-law; but in the event that either my said sister or sister-in-law shall die prior to my death, such interest of the one so dying, or both, shall vest absolutely in my said nephew, his heirs and assigns forever.' " Sloan v. Sloan, supra.

The lower court ruled in favor of the executor and the judgment was affirmed on appeal. The Supreme Court said:

"The plea avers that the insurance policy 'was payable to the said Joseph B. Sloan, his executors, administrators and assigns.' Under the statute above quoted an insurance policy so made payable 'may be bequeathed by the insured to any person or persons whatsoever or for any uses in like manner as he or she may bequeath or devise any other property or effects of which he or she may be possessed.'

"If such an insurance policy 'may be bequeathed by the insured' 'in like manner' as he may bequeath 'any other property or effects,' it may be included in a general residuary bequest of personalty and in this case was included in the bequest by the insured of 'all my other personal property,' made in the third subdivision of his will." Sloan v. Sloan, supra, 74 So. at page 408.

The decision principally relied upon by the appellee is Lowe v. Lowe, 194 So. 615, decided by the Supreme Court of Florida in 1940, and that case is difficult to distinguish from Sloan v. Sloan, supra, though the opinion concluded with the statement that, "This holding is not intended to overrule Sloan v. Sloan, 73 Fla. 345, 74 So. 407, the controlling facts being different in the two cases." 194 So. at page 617. In Lowe v. Lowe, supra [194 So. 616], three of the policies were made payable to the wife and the fourth was made to the estate of the testator. The wife having predeceased her husband, her designation as beneficiary failed. The will contained no express mention of the insurance. Its residuary clause began " 'All the residue and remainder of my property and estate, real and personal, wherever situated, shall be divided into four equal shares'." One share went to each of three named children and the fourth share in trust for a fourth child. The testator left six surviving children. The contest, however, was not between the surviving children, or the two left out of the residuary clause, and the executor, but was precipi-

tated by the claim of the Bureau of Internal Revenue that the proceeds of the insurance policies were a part of the tax estate subject to taxation for estate purposes. The executor contended that the insurance was no part of the estate, but inured to the six surviving children under the statute. The controversy thus arising, the executor brought his suit *to have the will construed,* that is, as we see it, to determine whether, under the circumstances of that case, it was the intention of the testator to bequeath the proceeds of the insurance policies by the residuary clause in his will. As we understand the decision, the court in effect held that such was not the testator's intention. That holding, we think, was based on the terms of the particular will and the circumstances surrounding that case, and, as has been stated, there was an express denial of any intention to overrule Sloan v. Sloan, supra. The construction of the statute, therefore remained unchanged.

In Webster v. Commissioner of Internal Revenue, 5 Cir., 120 F.2d 514, 515, this Court felt constrained to follow the case of Lowe v. Lowe, supra, as "the most recent expression of the Florida Court upon the subject."

In 1944 the Supreme Court of Florida handed down its opinion in In re Seaton's Estate, 154 Fla. 446, 18 So.2d 20, 22. Seaton died leaving a widow who was appointed executrix of his estate and as such collected four policies of insurance payable " 'to the estate of John E. Seaton or to the executrix of his estate.' " [10] The insurance policies were not specifically mentioned in the will. Following certain special bequests, Item 5 of the will provided: " 'All the rest and residue of my property of every kind I do give, devise and bequeath to the Trustee hereinafter named, to be by it held, managed and disposed of as is hereinafter directed.' " In re Seaton's Estate, supra, 18 So.2d at page 21. Item 6 directed the trustee to pay all income from property placed in trust to the widow for life. The remainder of the will was largely taken up with the terms of the trust. The contest was between the widow and the trustee under the will. The court stated that:

"The question presented on the appeal is whether the proceeds of the life insurance policies passed to the trustees by virtue of the general residuary bequest contained in Item Five of the will, or became payable to the widow under the provisions of section 222.13, Florida Statutes 1941, F.S.A." 18 So.2d at page 21.

The widow relied upon Lowe v. Lowe, supra, while the trustees relied upon Sloan v. Sloan, supra. As to Lowe v. Lowe, supra, the court said that, "In arriving at its decision it took great pains to point out that such holding was not intended to overrule Sloan v. Sloan, the controlling facts being different in the two cases. The rule of Sloan v. Sloan, supra, is in full force, therefore, in cases where it applies, and is the settled construction of the court on the statute involved." Further, the court held:

"The facts of this case, as disclosed by the pleadings, bring the case at bar within the ruling of Sloan v. Sloan, 73 Fla. 345, 74 So. 407. We are forced to the conclusion, therefore, that the proceeds of the life insurance policies made payable 'to the estate of John E. Seaton or to the executrix of his estate' passed to the trustees in trust, under the general residuary clause contained in the will of the testator." In re Seaton's Estate, supra, 18 So.2d at page 22.

In Pacific Mutual Life Ins. Co. v. Jones, D.C.N.D.Fla., 100 F.Supp. 466.

---

10. No point has been or can be made as to the difference in terminology, because in Bradford v. Watson, 65 Fla. 461, 62 So. 484, 485, the Florida Supreme Court had said:

"In Maclean v. Fisher, 60 Fla. 331, 53 So. 614, it was held that a policy of insurance payable to the 'executors, administrators or assigns' of the insured is in effect payable to and for the benefit of the estate of the insured."

Judge De Vane followed the rulings of the Florida Supreme Court in Sloan v. Sloan, supra, and in In re Seaton's Estate, supra, though he frankly stated that "the court is unable to find any legal basis for the apparent conflict, as is indicated in the Lowe and Seaton cases." 100 F.Supp. at page 468. That was the same conflict which had led this Court to render its decision in Webster v. Commissioner, supra, decided prior to In re Seaton's Estate, supra.

We now find ourselves in agreement with Judge DeVane that, since the ruling of the Supreme Court of Florida in In re Seaton's Estate, supra, is the latest decision of that court on the question purely of state law, it is controlling on the federal courts. Under that ruling, the widow when she elected to take dower lost her right to the proceeds of the insurance bequeathed to her as a part of the testator's residuary estate and such proceeds passed to the executor of the estate. The judgment is, therefore, reversed and the cause remanded with direction to enter judgment for the executor. See 28 U.S.C.A. § 2106.

Reversed and remanded with directions.