**IN RE: ESTATE OF JOHN E. SEATON, Deceased**

18 So. (2nd) 20                                         January Term, 1944
May 12, 1944                                                    Division B

*B. M. Skelton,* Attorney for appellant; *Ellis, Watson & Shelton,* Attorneys for Bank of Commerce and Trusts; *Cook, Harris, Barrett, McGlothlin & Dew,* Attorneys for Administrator ad litem; *Moreland E. Maddox,* Attorney for Mary Lynn Seaton as executrix etc., *Carey & Harrison,* Attorneys for Percy A. Seaton, et al.

SEBRING, J.:

John E. Seaton died leaving a last will and testament with codicils attached. The will was duly admitted to probate and his widow, Mary Lynn Seaton, qualified as his executrix. In due course she collected the proceeds of four life insurance policies on the life of John E. Seaton, payable "to the estate of John E. Seaton or to the executrix of his estate."

The will of John E. Seaton, deceased, bequeathed the household furniture and other tangible personal property in the household of the deceased to the widow, Mary Lynn Seaton. It provided two general pecuniary bequests of $1000 and $500, respectively, to a sister and a nephew of the testator. Following these particular bequests Item Five of the will provided: "All the rest and residue of my property of every kind I do give, devise and bequeath to the Trustee hereinafter named, to be by it held, managed and disposed of as is hereinafter directed." Item Six of the will directed the trustee to pay all income from property placed in trust, to the widow, Mary Lynn Seaton, for life. The remainder of the will is taken up largely with prescribing how the estate shall be set up in trust, how the trust shall be administered, and what persons shall take as remaindermen.

Some months after the estate had been in the process of administration Mary Lynn Seaton, individually and as widow of John E. Seaton, deceased, brought a proceeding in the County Judge's Court of Pinellas County against herself as executrix of the estate of John E. Seaton, deceased, petitioning the Court for leave to take possession of the proceeds of the four policies of insurance in her individual personal capacity, upon the ground that such proceeds inured to her by virtue of Section 222.13, Florida Statutes, 1941. Certain motions were filed by the trustees named in the will to dismiss the petition. After argument these motions were granted and the petition was dismissed. She took appeal from the order of the County Judge to the Circuit Court of Pinellas County. The Circuit Court affirmed the order of the County Judge. An appeal was taken to the Supreme Court of Florida from the order of the Circuit Court. The question presented on appeal is whether the proceeds of the

life insurance policies passed to the trustees by virtue of the general residuary bequest contained in Item Five of the will, or became payable to the widow under the provisions of Section 222.13, Florida Statutes, 1941.

The statute involved provides that: ". . . whenever the insurance is for the benefit of the estate of the insured or is payable to the estate or to the insured, his or her executors, administrators or assigns, the proceeds of the insurance may be bequeathed by the insured . . . for any uses in like manner as he or she may bequeath or devise any other property or effects of which he or she may be possessed, and which shall be subject to disposition by last will and testament." See 7065 C.G.L. 1927 (Sec. 222.13, Florida Statutes, 1941).

It is insisted by the appellees that the question presented here for consideration has been determined by this Court's construction of the applicable statute in Sloan v. Sloan, 73 Fla. 345, 74 So. 407, while the appellant is of the view that Lowe v. Lowe, 142 Fla. 266, 194 So. 615, is the controlling decision.

In the Sloan case, Susan Sloan, as widow, brought suit on the common counts against Charles B. Sloan as executor of the estate of her deceased husband, Joseph B. Sloan, to recover the proceeds of certain life insurance policies on the life of Joseph B. Sloan, which had been paid to the executor by the insurance companies. The will of Joseph B. Sloan contained a general residuary clause worded: "I give and bequeath a one-third interest in all my other personal property to my wife, and the remaining two-thirds shall be divided equally between my said nephew, sister and sister-in-law; . . ." As a defense to the common count declaration, the executor pleaded that the policies were made payable to the said Joseph B. Sloan, his executors, administrators and assigns; that by the residuary provision of the will the testator had bequeathed the proceeds of the policies, as he had a lawful right to do in accordance with the statute; and that such proceeds had been received and were being held by the executor as a part of the assets of the estate for distribution to the residuary legatees. The lower court held the plea good as against demurrer. On appeal this Court sustained the

judgment of the lower court, holding that the proceeds of an insurance policy made payable to the insured, his executors, administrators and assigns may be bequeathed as a part of a general residuary legacy of "all my other personal property;" and that such proceeds were so bequeathed by the provisions of the general residuary clause appearing in the will.

Because of what were thought to be essential differences between the facts presented in Sloan v. Sloan, supra, and the later case of Lowe v. Lowe, supra, the court arrived at the conclusion that the rule of construction recognized in the Sloan case was not applicable to the facts of Lowe v. Lowe. Accordingly, it held, on the facts presented in the latter case, that the rule enunciated in Sloan v. Sloan did not apply. In arriving at its decision it took great pains to point out that such holding was not intended to overrule Sloan v. Sloan, the controlling facts being different in the two cases. The rule of Sloan v. Sloan, supra, is in full force, therefore, in cases where it applies, and is the settled construction of the court on the statute involved. See Penn Mut. Life Ins. Co., et al., v. Roberts, 120 Fla. 392, 162 So. 881.

In general, when a point has once been settled by judicial decision it should, in the main, be adhered to, for it forms a precedent to guide the courts in future similar cases. Especially is this so where a decision construing a statute affects the validity of a certain mode of transacting business or passing title to property, and a change of decision will necessarily confuse or invalidate transactions entered into and acted upon in reliance upon the law as judicially construed. Under such circumstances it has been held that when a point of law has been settled by judicial decision it forms a precedent which may not be departed from no matter what may be the personal predilections of the individual justices. McGregor v. Provident Trust Co. of Philadelphia, 119 Fla. 718, 162 So. 323.

The facts of this case, as disclosed by the pleadings, bring the case at bar within the ruling of Sloan v. Sloan, 73 Fla. 345, 74 So. 407. We are forced to the conclusion, therefore, that the proceeds of the life insurance policies made payable

"to the estate of John E. Seaton or to the executrix of his estate" passed to the trustees in trust, under the general residuary clause contained in the will of the testator.

The judgment is affirmed.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.