HOBSON, Justice.
Frank Mitchell died testate in Marion County, Florida, on or about May 7, 1954. His will was duly proven and admitted to probate, the executor was qualified, and letters testamentary were issued. The testator had left neither wife nor children him surviving. The sole surviving heirs were the testator’s three sisters, who were the residuary legatees under his will.
The testator, at the time of his death, had two life insurance policies, the proceeds of which were payable to his estate, and these proceeds were paid over to the executor. The residuary legatees filed separate petitions by which they sought to have the exemptions provided by F.S. § 222.13, F.S.A., applied to the life insurance policies and to require the executor to pay the insurance money over to them, share and share alike, free and clear of the claims of creditors and costs of administration.
After hearing on a motion to dismiss, the County Judge entered his order dismissing each of said petitions. The effect of this order was to hold that the provisions of the cited statute are inapplicable to this case, and that the proceeds of the insurance policies are properly in the hands of the executor for use in paying the debts and costs of administration of the estate. The order of the County Judge was affirmed by the circuit court, and it is from this judgment of affirmance that the present appeal is taken by the residuary legatees.
Since the testator died in 1954, the 1955 amendments to F.S. § 222.13 are inapplicable and we are concerned with this section as it read in Florida Statutes 1953, F.S.A., which was as follows:
“Whenever any person shall die in this state leaving insurance on his life, the said insurance shall inure exclusively to the benefit of the child or children and husband or wife of such person in equal portions, or to any person for whose use and benefit such insurance is declared in the policy; and the pro *662 ceeds thereof sliall in no case be liable to attachment, garnishment or any legal process in favor of any creditor of the person whose life is so insured, unless the insurance policy declares that the policy was effected for the benefit of such creditor; provided, however, that whenever the insurance is for the benefit of the estate of the insured or is payable to the estate or to the insured, his executors, administrators or assigns, the proceeds of the insurance may be bequeathed by the insured to any person whatsoever or for any uses in like manner as he may bequeath or devise any other property or effects of which he may be possessed, and which shall be subject to disposition by last will and testament.” (Emphasis supplied.)
The history of this statute is minutely described in an opinion by this court; speaking through Mr. Justice Whitfield, in Milam v. Davis, 97 Fla. 916, 123 So. 668, certiorari denied, Tiffany & Co. v. Davis, 280 U.S. 601, 50 S.Ct. 82, 74 L.Ed. 646. In that case it was pointed out that the portion of the statute preceding the proviso took, in substance, its present form in 1872, while the proviso was originally added in 1897 but took its present form in 1903. In 1917 in Sloan v. Sloan, 73 Fla. 345, 74 So. 407, 408, it was held that proceeds of an insurance policy made payable to the insured, “his executors, administrators and assigns” could validly be bequeathed as part of a general residuary legacy. See also In re Seaton’s Estate, 154 Fla. 446, 18 So.2d 20. And in the subsequent case of Milam v. Davis [97 Fla. 916, 123 So. 671], which we have cited above, we said that the portion of the act preceding the proviso, and the proviso,
“ * * * afford alternative provisions for the disposition of the proceeds of life insurance policies that are made payable to the insured or to his estate. One provision of the statute operates if the policies are not bequeathed, and the other provision operates if the policies are bequeathed. In either case the policies are not subject to the debts of the insured." (Emphasis supplied.)
It is evident that the action challenged by appellants was in error under these authorities, and the judgment appealed from must accordingly be reversed and the cause remanded for further proceedings not inconsistent with this opinion. We have been shown no authority, however, for the proposition that the insurance proceeds should not be made subject to the costs of administration and we shall not disturb the ruling below upon this point.
Reversed and remanded.
TERRELL, C. J., and DREW, THOR-NAL and O’CONNELL, JJ., concur.