TERRELL, Justice.
November 26, 1958, Floyd P. Brasher, a Police Captain of the City of Coral Gables, filed complaint for declaratory decree in the Circuit Court of Dade County wherein he prayed that the court decree plaintiff-appellee to be entitled to receive a pension from the City for disability suffered in line of duty. Both the pension ordinance of the City in which he had served as a police officer for more than thirty years and the general statutes are relied on to support plaintiff-appellee’s claim.
December 19, 1958, the City answered the complaint and admitted all material allegations of fact therein, but contended, as did the Retirement Board, (1) Brasher was not entitled to the presumption created by the statute, Chapter 57-340, Laws of 1957, F.S.A. § 185.34; (2) that if so entitled, the said statute was unconstitutional for the reason that it was an arbitrary and capricious classification without any reasonable basis therefor and being so it was in violation of the equal protection clause of the Federal Constitution, Const. Amend. 14.
At final hearing the chancellor held (1) that Brasher was entitled to the presump *7 tion created by the cited statute; (2) the statute was constitutional; (3) Brasher was entitled to compensation in an amount higher than that awarded him by the Retirement Board; (4) that the City had waived its right to present any testimony to rebut the presumption created by the statute. We are confronted with a direct appeal from the final decree so entered. Art. V, Sec. 4(2), Florida Constitution, F.S.A.
Several questions are urged by the parties, but from an analysis of the decree appealed from, we think the questions presented may be stated as follows: (1) Was Brasher entitled to the presumption created by Chapter 57-340, Laws of 1957; (2) the constitutional validity of Chapter 57-340, Laws of 1957; (3) did the City of Coral Gables waive its right to present evidence to rebut the presumption created by Chapter 57-340, Laws of 1957. Since we hold that Brasher was entitled to the presumption created by said statute and that the City did not waive its right to take testimony to rebut the presumption so created, the question concerned with the amount of compensation Brasher is entitled to receive should be concluded after testimony is taken.
Whether or not Brasher was entitled to the presumption created by the statute and whether or not the City of Coral Gables waived its right to present testimony to rebut the presumption so created turns on the interpretation of Chapter 57-340, Laws of 1957, the pertinent part of which is as follows:
“Section 1. Any condition or impairment of health of any and all police officers employed in the State of Florida caused by tuberculosis, hypertension, heart disease or hardening of the arteries, resulting in total or partial disability shall be presumed to have been suffered in line of duty unless the contrary be shown by competent evidence, provided, however, that such police officer shall have successfully passed a physical examination on entering into such service, which examination fails to reveal any evidence of such condition. Nothing herein shall be construed to extend or otherwise affect the provisions of Chapter 440, Florida Statutes, pertaining to Workmen’s Compensation.”
In his petition addressed to the Retirement Board, Brasher prayed for pension based upon disability incurred in line of duty, said disability being a heart condition which rendered petitioner totally incapacitated. At the hearing it was shown and not disputed that Brasher was totally incapacitated and would probably continue so for the balance of his natural life. The Retirement Board contended that Brasher’s disability entitled him to only ordinary retirement benefits because it was not incurred in line of duty, nor did it arise as a result of his employment. He was therefore, awarded a lesser sum than he would have been entitled to if his disability had been found to have arisen from the former rather than the latter cause.
At the hearing before the Retirement Board, Brasher introduced the affidavit of his physician which he contends shows that his [Brasher’s] employment as Police Captain and as Acting Chief of Police of Coral Gables contributed to his heart condition and that when considered with the presumption in his favor contained in Chapter 57-340, was sufficient to create a prima facie showing that his disability was incurred in the line of duty. The City took the position that Brasher was not entitled to the presumption created by the statute and being so, the evidence was not sufficient to show that his disability arose in the line of duty.
Pursuant to this holding, Brasher instituted the suit for declaratory decree heretofore described, with the results detailed. The quoted act, Chapter 57-340, Laws of 1957, creating the presumption contains no limitation as to policemen to which it is applicable nor any direction as to the chapter in the general statutes *8 where it should be included. It is shown, however, that when the attorney general made his revision and compilation of the statutes as required by law, he included the said act in Chapter 185, Florida Statutes, F.S.A., which at that time had to do solely with “Policemen’s Retirement Fund,” but which was later changed or entitled to read “Policemen’s Retirement Fund; Policemen Generally.”
Appellant points out that § 185.34 of Chapter 185 provides, among other things, that the benefits of said chapter shall not be available to any policeman who is entitled to receive compensation from a municipal retirement fund. Brasher is such a policeman and bases his claim on the retirement fund provided by the charter of the City of Coral Gables. It is contended that account of this exception in Chapter 185, Brasher is not entitled to the presumption provided in Chapter 57-340, Laws of 1957, § 185.34, Florida Statutes 1957, F.S.A.
Section 16.19, Florida Statutes, F. S.A., not referred to in briefs of counsel, may lend some comfort to this contention but we do not think that the legislature intended for the attorney general’s compilation to have the force and effect of law until the succeeding session at which time it [the legislature] has a chance to examine the compilation and enact such laws as the revision proposes that may be proper. Foley v. State ex rel. Gordon, Fla. 1951, 50 So.2d 179; Cates v. Heffernan, 1944, 154 Fla. 422, 18 So.2d 11, especially the special concurring opinion of Justice Brown concurred in by Justices Terrell, Chapman and Sebring.
Another observation which aids this reasoning is that the provisions of Chapter 185 were enacted as a separate law in 1953 (Chapter 28230, Laws of 1953) and the only reason for the two acts (Chapter 28230, Laws of 1953, and Chapter 57-340, Laws of 1957) appearing in the same place in the 1957 Statutes is in response to the attorney general’s decision to place them together, though it will be noted that in order to retain their distinct quality he changed the title of the chapter; for all of which it appears clear that the legislature intended the presumption created by the quoted statute in favor of all policemen to be applicable to any policemen regardless of the retirement fund that may be available to him.
If it can be said that for any reason that after the 1959 legislature adopted the attorney general’s revision of the 1957 acts, the presumption created by Chapter 57-340, is now burdened with the infirmity in Chapter 185, it certainly would still accord with reason, the intent of the legislature and. the cases last cited to hold that prior to 1959 the presumption stood and was applicable to all police officers in the state and being so, it was available to Brasher.
So much for the presumption created by Chapter 57-340, Laws of 1957, in favor of Brasher. The statute is quoted earlier in the opinion and is not repeated but let us examine its constitutional validity. It is clear from the wording of the statute that the legislature was wise to the fact that the constitutional validity of absolute presumptions or those made to have the force of evidence was questionable ; hence the act provided that they [presumptions] could be overcome by competent evidence. It is not required that they be overcome by a preponderance of the evidence. The statute creates no more than a prima facie presumption which may be overcome by testimony. In this case when competent evidence is presented to rebut the presumption the question of whether or not the disability did in fact arise in line of duty must be determined in the light of all the evidence introduced by both parties.
It appears that this court has not previously been confronted with the precise question presented here but one ancillary to it has been considered in both criminal and civil cases wherein the constitutionality of a statutory presumption has been *9 challenged as denying due process or equal protection. Shelton v. Coleman, 1939, 136 Fla. 625, 187 So. 266; Atlantic Coast Line R. Co. v. Voss, 1939, 136 Fla. 32, 186 So. 199.
In Shelton v. Coleman, appellant assaulted the validity of § 7, Chapter 18015, Laws of 1937, F.S.A. § 562.02. The question was whether or not one could be legally convicted of selling liquor not authorized by his license, solely on proof of possession thereof.' While the court recognized that it was not called upon to answer the question presented, it did point out that the statute in question did not create a conclusive presumption but merely a prima facie one which the accused had opportunity to rebut.
Atlantic Coast Line R. Co. v. Voss had to do with the statutory presumption in re negligence of the railroad company in accident cases. In sustaining the presumption, the court pointed out that it is only when the presumption is allowed to supplant and take the place of evidence that it will be held invalid. The court said at page 200 of 186 So.:
“In other words, if there is a complete absence of material evidence to contradict a showing of negligence on the part of the railroad company, the statute will, then supply or create a presumption of liability but if any material evidence is offered, by the railroad company tending to show the exercise of ordinary and reasonable care and diligence on its part, the presumption vanishes.”
This rule has been followed by this court in other cases which we do not consider necessary to recite. From these and other cases the courts have deducted the general rule that so long as there is a rational connection between the fact proven or to be proven and the ultimate fact presumed and the adverse party is given reasonable opportunity to proffer evidence and have a jury-decide the facts in issue, there is no violation of due process or equal protection guaranteed by the state or federal constitutions. For an excellent annotation on the subject, see 162 A.L.R. 495.
In conclusion, it is our view that this court has jurisdiction of the cause since the constitutional validity of Chapter 57-340, Laws of 1957, was directly passed upon by the chancellor. Art. V, Sec. 4(2), Florida Constitution. It appears that Brasher contended and the Circuit Court held that the City waived its right to present evidence to rebut the presumption in favor of Brasher, but the record does not support that holding so the judgment appealed from must be, and is hereby, reversed with directions to permit the City of Coral Gables to introduce evidence to rebut the presumption in favor of Brasher and enter such judgment as may seem meet and proper.
Reversed with directions.
THOMAS, C. J.,* ROBERTS, DREW and O’CONNELL, JJ., WIGGINGTON, District Judge, and WILLIS, Circuit Judge, concur.