WIGGINTON, Acting Chief Judge.
The executor of the estate of Frederick Clarendon Alworth, Jr., has appealed from a final order entered by the County Judge of Duval County denying his motion to distribute to the testamentary trustee the proceeds of certain life insurance policies on the life of the testator which were payable to and received by the executor.
The testator’s will, which was executed on the first day of March, 1960, created a testamentary trust consisting of decedent’s residuary estate to be administered for the benefit of his wife and child, but not necessarily in equal shares. At the time of the testator’s death on March 22, 1960, the assets of his estate consisted of personal property valued at $5,749.42, and life insurance proceeds having a total value of $46,636.43. At the time testator’s will was prepared and executed in Washington, D. C., he changed the beneficiary of each insurance policy naming the executor of his estate as the beneficiary thereof. His will contains no specific bequest of all or any part of the proceeds payable under the several insurance policies then in effect on his life, nor does the will refer in any manner to life insurance proceeds, either specifically or generally. The will does, however, contain a residuary clause which provides as follows:
“(a) If my wife or any of my lineal descendents survive me, I give, devise and bequeath all the rest and residue of my estate, of every kind and character, and wherever situated, including any lapsed, renounced, or void legacies or devises, to the trustees hereinafter named, * * * ”
It clearly appears from the evidence in the record that it was the testator’s intention for the proceeds of the life insurance policies to be distributed to his testamentary trustee under the residuary clause of the will above quoted, to be administered by his trustee in accordance with the provisions of his will.
The statute in effect at the time of the testator’s death is as follows:
“222.13 Life Insurance policies; disposition of proceeds:
“Whenever any person shall die in this state leaving insurance on his life, the said insurance shall inure exclusively to the benefit of the surviving child or children and husband or wife of such person in equal portions, or to any person for whose use and benefit such insurance is declared in the policy; and the proceeds thereof shall be exempt from the claims of creditors of the insured unless the insurance policy declares otherwise; provided, however, that whenever the insurance is for the benefit of the estate of the insured or is payable to the estate or to the insured, his executors, administrators or assigns, the proceeds of the insurance may be specifically bequeathed by the insured to any person whatsoever or for any uses in like manner as he may bequeath or devise any other property or effects of which he may be possessed, and which shall be subject to disposition by last will and testament, and the proceeds of any such policy so be *480 queathed shall be paid to the personal representative of the insured’s estate for distribution to such legatee or legatees and such proceeds shall be exempt from the claims of creditors of the insured unless the will declares otherwise; provided, further, however, that whenever the insurance is for the benefit of the estate of the insured or is payable to the estate or to the insured, his executors, administrators or assigns, and in the event the insured should die intestate or die leaving a will which does not specifically bequeath the proceeds of any insurance in effect on the life of the decedent, such proceeds of any policy in effect at the time of the death of the insured and made payable as above provided, shall be paid to the personal representative of the insured’s estate for the benefit of the surviving child or children and husband or wife in equal portions, and be distributed without regard to §§ 734.03 and 734.04 upon the order of the county judge on petition of any interested party or like proceedings pursuant to § 734.25(5); and if insured leaves surviving no child or spouse, then such proceeds shall be payable to such personal representative and constitute a part of the assets of the said estate.
“When the personal representative of insured’s estate is required by law or by order of the county judge to file bond, the condition of the bond of the personal representative shall include the faithful performance of the duties of such personal representative according to law with respect to such proceeds.
“If the county judge determines that administration of the insured’s estate is unnecessary and insured is survived by a child or children and husband or wife, the order of no administration necessary shall direct payment of the proceeds of any such policy to said child or children and husband or wife in equal portions; if there be no child or spouse surviving, payment of such proceeds shall be made as directed in such order.
“Payment as herein directed in every such case shall discharge the insurer from any further liability under the policy.” [1]
Upon final hearing the county judge found that regardless of the apparent intent of the testator to bequeath of his testamentary trustee the proceeds of his life insurance policies to be administered in accordance with the trust established by his will, that nevertheless the insurance proceeds had not been specifically bequeathed to the testamentary trustee in accordance with the requirements of the above quoted statute in such manner as to effectuate the testamentary intent. The court thereupon entered the order appealed denying the executor’s motion for distribution of the insurance proceeds to the trustee under the will.
It is the position of appellant executor that the pertinent statute quoted above is primarily an exemption statute designed to exempt life insurance proceeds from the claims of creditors, and that when such claims are not involved, the statute has no application. Upon this premise appellant strenuously contends that under the deci-sional law of this state the insurance proceeds payable to testator’s estate become a part of the residuary estate under the general residuary clause of the will and must be paid over to the testamentary trustee for administration in accordance with the terms and provisions of the trust created by the will. It is appellant’s further position that the only purpose of the 1955 amendment to the original act was to protect insurance companies from double liability by providing that payment shall be made to the personal representative of the estate and such payment shall discharge the insurer from any further liability under the policy. *481 While we agree that such provision of the 1955 amendment does have the effect of giving greater protection to insurance companies who have issued policies of insurance on the life of the testator, we cannot agree for the reasons hereinafter stated that the remaining provisions of the 1955 amendment were innocuous and of no legal effect.
In order to place this case in proper perspective we deem it necessary to trace the historical development of the statute now under consideration. The progenitor of the present statute quoted above was enacted in 1872, and was as follows:
“Whenever any person shall die in this State leaving insurance upon his or her life, the said insurance shall enure exclusively to the benefit of his or her child or children, husband or wife, in equal portions, or to any other person or persons for whose use and benefit said insurance is declared in the policy; and the proceeds thereof shall in no case be liable to attachment, garnishment or any legal process by any creditor or creditors of the person whose life was so insured, unless said policy declares that said insurance was effected for the benefit of such creditor or creditors.” [2]
The foregoing statute was carried forward into the revised statutes of 1892,[3] which statute was amended in 1897 by adding a proviso that permitted such insurance proceeds to be bequeathed and devised by the insured to any person or persons, or for any uses, in like manner as he may devise any other property or effects of which he may be possessed, other than his homestead.[4] The foregoing statute was further amended in 1903 by adding an additional provision permitting such insurance proceeds to be subject to disposition by last will and testament.[5]
The statute of 1903 was carried forward with little or no change as § 3154 of the Laws of Florida of 1906, § 4977 of the Revised General Statutes of Florida 1920, § 7065, Compiled General Laws of Florida 1927, and § 222.13, Florida Statutes 1941. No material amendments to the statute were made until 1955.
It thus appears that between the years 1903 and the year 1955 the predecessor of the statute now under consideration provided as follows:
“222.13 Life insurance policies; disposition of proceeds. — Whenever any person shall die in this state leaving insurance on his life, the said insurance shall inure exclusively to the benefit of the child or children and husband or wife of such person in equal portions, or to any person for whose use and benefit such insurance is declared in the policy; and the proceeds thereof shall in no case be liable to attachment, garnishment or any legal process in favor of any creditor of the person whose life is so insured, unless the insurance policy declares that the policy was effected for the benefit of such creditor; provided, however, that whenever the insurance is for the benefit of the estate of the insured or is payable to the estate or to the insured, his executors, administrators or assigns, the proceeds of the insurance may be bequeathed by the insured to any person whatsoever or for any uses in like manner as he may bequeath or devise any other property or effects of which he may be possessed, and which shall be subject to disposition by last will and testament.” [6]
*482 Our reason for emphasizing the above quoted statute is that it was during the period of our judicial history which transpired between 1903 and 1955 that the hereinafter mentioned decisions of the Supreme Court of Florida construing and applying the statute were rendered. Such decisions must be interpreted in light of statute with which they dealt, which is different in certain material respect from the present statute relating to the subject under consideration, the construction of which will control our decision in this case.
In the Sloan case decided in 1917 a policy of insurance was in effect on the life of the testator at the time of his death. The proceeds of the policy were payable to the testator, his executor, administrators and assigns. The testator’s will contained no specific bequests of the life insurance proceeds payable upon his death, but did contain a residuary clause in which the testator bequeathed his residuary estate to certain named beneficiaries. The Supreme Court held that under the statute then in effect as last quoted above the general residuary clause of the will was sufficient to constitute a bequest of the life insurance proceeds, and that the beneficiaries of the residuary estate were entitled to such proceeds as against the claim asserted by the widow of the testator.[7]
Under facts identical in all material respects with those involved in the Sloan case the Supreme Court reached a like decision in the Penn Mutual Life Insurance Company case, decided in 1935.[8]
In the Lowe case, decided in 1940,[9] there was in effect on the life of the testator at the time of his death certain insurance policies. Three of these policies were payable to the wife of the testator who had predeceased him by several years, and the fourth was payable to the testator’s estate. The wife of the testator having predeceased her husband, the bequest in her favor failed and the proceeds of all policies were paid to the executor of the testator’s estate. The will of the testator made no specific bequests of the insurance proceeds, but did contain a residuary clause bequeathing the residuary estate to certain named beneficiaries. The question involved was whether the insurance proceeds passed under the terms of the statute to the statutory beneficiaries of the testator, to-wit: his child or children in equal portions, or whether the proceeds became part of the testator’s estate and passed to the residuary beneficiaries under the general residuary clause of the will. The Supreme Court reached a conclusion directly opposite from that reached in the Sloan and Penn Mutual Life Insurance Company cases and held that since the insurance proceeds had not been specifically bequeathed by the provisions of the testator’s will, they did not pass into the residuary estate under the general residuary clause of the will. The proceeds were awarded to the children of the testator as provided by the statute. In this case, however, the court carefully pointed out that it was not receding from nor overruling its prior decision in the Sloan case, but asserted that the controlling facts in the two cases were different.
In the case of In Re Seaton’s estate decided in 1944[10] the controlling facts were identical in all material respect with those contained in the Sloan, Penn Mutual Life Insurance Company and Lowe cases. At the time of this decision there was in effect on the life of the testator four insurance policies payable to the testator’s estate or to his executrix. The will contained no bequests of the life insurance proceeds, but did contain a general residuary clause be *483 queathing the residuary estate of the testator to a trustee to be administered in accordance with the terms of a trust created by the will. The Supreme Court held in accordance with its prior rulings in Sloan and Penn Mutual Life Insurance Company cases that the insurance proceeds passed into the residuary estate under the general residuary clause of the will, and that the widow was not entitled to the proceeds under the terms and provisions of the statute as claimed by her. Again the Supreme Court recognized its former decisions in both Lowe and Sloan cases, but decided to follow its ruling in Sloan rather than its ruling in Lowe.
The Carter case, although decided by the Supreme Court in 1956,[11] involved a cause of action which accrued in 1954 prior to the 1955 and 1959 amendments to the statute now in effect. In construing the same statute which was in effect at the time the four above cited decisions were rendered, the court:
“Section 222.13, Florida Statutes, F. S.A., offers no greater difficulty. While in a measure the statute does provide the manner in which the proceeds of an insurance policy shall be distributed under stated circumstances, it is perfectly clear that it is primarily, if not entirely, an exemption statute that protects the proceeds of a life insurance policy against the demands of creditors in certain cases. It was so construed in Milan [Milam] v. Davis, 97 Fla. 916, 123 So. 668 (see particularly opinion On Petition for Rehearing). The conclusion that Section 222.13, Florida Statutes, F.S.A., is obviously an exemption statute and has no bearing on the problem before us is in some measure supported by the fact that it has consistently been included as a part of Chapter 222 dealing with ‘Homestead and Exemptions’ in each biennial statutory revision adopted by the Florida Legislature. We find nothing in this Act that would lead us to the conclusion that it is any more than a legislative enactment for the protection of the immediate family or the designated beneficiary of an insured against the claims of his creditors.”
From the foregoing analysis of the previous decisions rendered by the Supreme Court it appears that the 1955 Legislature of this state was confronted with decisional law construing the statute relating to the exemption and disposition of life insurance proceeds, which decisions:
(1) held that the statute under consideration is primarily, if not entirely, an exemption statute that protects the proceeds of life insurance policies against the demands of creditors in certain cases, and because of its placement in the statutes under the chapter of “Homestead and Exemptions” it is not intended to create a rule of law applicable to the probate of estates or the descent and distribution of the property.
(2) are in direct conflict with each other on the question of whether the proceeds of life insurance policies payable to the estate of a testator shall pass to the beneficiaries named in the statute in the absence of a specific bequest of such proceeds to a named beneficiary, or whether such proceeds shall pass to and become a part of the residuary estate under a general residuary clause of a will.
In what appears to us to have been an attempt to give clear expression to the legislative intend, and to resolve the conflicting rules of decisional law as evidenced by the Sloan and related cases on the one hand, and the Lowe case on the other, the Legislature of 1955 made a significant and material amendment to the statute theretofore in effect. The act was amended by adding a second proviso which provided that if the will *484 of the testator does not “specifically” bequeath the insurance proceeds, then such proceeds shall be paid to the personal representative of the estate, and such payment shall discharge the insurer from any further liability under the policy.[12] By use of the words “specifically bequeathed” it seems logical to conclude that the Legislature intended that proceeds from all insurance policies on a testator’s life which are payable to his estate shall pass to the beneficiaries named in the statute unless such proceeds, as such, are with specificity and particularity bequeathed to a named beneficiary in the will. Such conclusion is fortified by the decision of the Second District Court of Appeal in the Park Lake Presbyterian Church case, which held that a specific legacy is a gift of a particular thing or of a specified part of a testator’s estate so described as to be capable of distinguishment from all others of the same kind.[13]
In order to further clarify the legislative intent, the next succeeding legislature of 1959 enacted additional significant and material amendments to the Act.[14] The first proviso of the original act carried forward in the Act of 1955 was amended by adding the word “specifically” preceding the word “bequeathed”, thereby requiring that before the insurance proceeds may be paid over to anyone other than the beneficiaries named in the statute, they must be bequeathed, as such, with specificity and particularity to a named beneficiary under a clear and unambiguous provision of the will. The second proviso of the statute added in 1955 was retained in the 1959 statute, and continued in effect the provision that unless the insurance proceeds are “specifically” bequeathed in the will to a named beneficiary, they shall be paid to the personal representative for the benefit of the surviving spouse and children in equal portions free from claims of creditors.
It is our view that the foregoing amendments to the original act adopted by the 1955 and 1959 Sessions of the Legislature effectively preclude insurance proceeds payable to the estate of a testator from passing into or becoming a part of the residuary estate under a general residuary clause of a will in which insurance proceeds are nowhere mentioned, and where no bequest of the insurance proceeds, as such, is specifically made. So construed, the amendments render inapplicable the decisions of the Supreme Court as enunciated in the Sloan and related cases. Under the provisions of the statute presently in effect it is our view that proceeds of insurance policies on the life of the testator which are payable to his estate may never become a part of the residuary estate merely by virtue of a general residuary clause of the testator’s will. The statute provides that such insurance proceeds may be disposed of by will only when they are specifically bequeathed. In the Luxmoore case the Supreme Court held that a residuary fund created by a will is a reservoir in which is placed all that is left of the estate which the testator has failed to dispose of in legacies and devises, and from its very nature and because of its very purpose it is of importance secondarily to the provisions of the will for specific bequests.[15] It necessarily follows that if the insurance proceeds are specifically bequeathed by the terms and provisions of the will, they will be payable to the legatee named as beneficiary of the bequest. If the funds are not so specifically bequeathed, they will not become part of the residuary estate but must pass to the surviving spouse and children of the testator as required by the statute.
As an answer to those decisions which hold that the statute under consideration is primarily if not exclusively an exemption statute and has no application to the *485 law relating to the probate of estates or the descent and distribution of property, the 1959 Legislature further amended the act to provide that the good faith bond filed by the personal representative of an estate shall include the faithful performance of the duties of such personal representative with respect to life insurance proceeds coming into his hands under the act. The original act was further amended to provide for a distribution of insurance proceeds in those instances in which no administration of an estate is necessary. It is our view that the 1959 amendments effectively made the statute a part of the probate law of Florida, and creates a rule of law with respect to the descent and distribution of property of equal importance to the rule exempting insurance proceeds from the claims of creditors.
In the Milam case the Supreme Court said that where several co-existing statutes relate to rights in the same species or classes of property, each shall be given its appropriate intended effect upon the property, even though neither statute refers to any other and each is framed in general, comprehensive language. For example, the statutes relating to wills, dower, descent, administration, homestead, and other exemptions, taxes, assessments, debts, penalties, forfeitures, bankruptcy, etc.[16] The fact that the existing statute is placed by the Statutory Revision Department of the Attorney General’s office in the chapter of the Annotated Statutes entitled “Homestead and Exemptions” is of no controlling effect.
Reverting to the case now under consideration we find that the provisions of the will are silent with respect to the disposition of any insurance proceeds payable to the estate on the life of the testator. Since these proceeds are not specifically bequeathed as such, either to a named beneficiary or to the trustee of the residuary estate, it cannot be reasonably held that by operation of the statute they shall pass to and become a part of the residuary estate to be conveyed to the trustee and administered in accordance with the trust provisions of the will. The amended statute which controls this case clearly provides that the insurance proceeds must be paid to the surviving spouse and children of the testator unless they are specifically bequeathed by some term or provision of the will. Since the will contains no such specific bequests, the general residuary clause is not sufficient as a matter of law to require that the insurance proceeds be paid to the residuary legatees to be administered in accordance with the provisions of the will.
Appellant argues with appealing fervor that it was the clear intent of the testator that the proceeds payable from the insurance policies on his life be paid over to the trustee of his residuary estate and be administered in accordance with the trust created by his will. He insists that a contrary ruling would defeat the intent of the testator and conflict with the fundamental law of this state. The trial judge found, and we agree, that the obvious intent of the testator was as contended by appellant. We are quite familiar with the established rule of law that where the terms and provisions of a will are ambiguous, paramount importance must be accorded the intent of the testator. We are equally conscious, however, of the principle of law stated by our Supreme Court in the Taylor case which holds that the right of testamentary disposition of property does not emanate from the organic law but is a creature of the law derived solely from statute without constitutional limitation, and is at all times subject to regulation and control by legislative authority. The authority which confers the right may impose conditions thereon, such as limiting disposition to a particular class, or the right to dispose of property by will may be taken away altogether, if deemed necessary, without private or constitutional rights of the citizen being thereby violat *486 ed.[17] To like effect is the decision of the Supreme Court in the Efstathion case in which it is held that the power to alienate any species of property by last will and testament has never been an inherent right in the citizen, but one that is derived from legislation. It was further held that where provisions of the Constitution or statutes determine how and where title to property shall descend, such statutes control even though contrary to the apparent intent of the testator.[18]
The trial court was correct in denying the petition of the executor to make distribution of the insurance proceeds to the testamentary trustee, and the order appealed is accordingly affirmed.
RAWLS, J., and McLANE, Associate Judge, concur.

. F.S. Section 222.13, F.S.A.

. Laws of Florida, 1872, Ch. 1864 at 18; Digest of Laws 1822-1881 (McClellan) § 22 at 534.

. Revised Statutes of the State of Florida, 1892, § 2347 at 765.

. Laws of Florida, 1897, Ch. 4555 at 98.

. Laws of Florida, 1903, Ch. 5165 at 99.

. § 222.13, F.S., 1941.

. Sloan v. Sloan, 73 Fla. 345, 74 So. 407.

. Penn Mutual Life Insurance Co. et al. v. Roberts, 120 Fla. 392, 162 So. 881.

. Lowe et al. v. Lowe et al., 142 Fla. 266, 194 So. 615.

. In re Seaten’s Estate, 154 Fla. 446, 18 So.2d 20.

. Carter v. Carter, et al., Fla.1956, 88 So.2d 153.

. Laws of Florida, 1955, Ch. 20861 at 716.

. Park Lake Presbyterian Church v. Henry’s Estate, Fla.App.1958, 106 So.2d 215.

. Laws of Florida, 1959, Oh. 59-383 at 1211.

. Luxmoore et al. v. Wallace, et al., 145 Fla. 325, 199 So. 492.

. Milam et al. v. Davis, et al., 97 Fla. 916, 123 So. 668.

. Taylor et al. v. Payne, 154 Fla. 359, 17 So.2d 615, 154 A.L.R. 677.

. Efstathion et al. v. Saucer, et al., 158 Fla. 422, 29 So.2d 304.