SWANN, Judge.
Richard H. Hunt, a distinguished attorney and judge, passed away as a resident of Florida on March 30, 1968. At that time, he had in effect six life insurance *273 policies, the proceeds of which were payable to his estate. His executrix, Myrle Munson Hunt [appellant] collected the proceeds from these policies and deposited them in the appropriate estate account. The three surviving children of the decedent [appellees] petitioned the county judge for an order requiring the executrix to distribute these insurance proceeds to the surviving spouse and children in equal portions pursuant to Fla.Stat. § 222.13, F.S.A. After a hearing, the county judge entered the requested order and the executrix has appealed.
We are only concerned with Article Five of the will of the decedent which provides:
“FIFTH: I give, devise and bequeath to my loving wife, MYRLE MUNSON HUNT, the entire rest, remainder and residue of my estate, whether real or personal and of every nature whatsoever, including, but not to the exclusion of other properties, my yacht club and golf club memberships; my furnished residence property on North Key Largo in Monroe County, Florida; and whatever land I possess in North Carolina or elsewhere at the time of my passing.” [Emphasis added]
The statute involved herein, Fla.Stat. § 222.13, F.S.A., has caused vexatious legal and legislative problems for a long time. See In re Alworth’s Estate, Fla.App.1963, 151 So.2d 478. That decision was concerned with the statute as affected by 1955 and 1959 amendments and contained a thorough history of the statute and case law applicable thereto.
Here, we are concerned with the application of the statute as amended by the Florida legislature in 1963.
The second sentence of sub paragraph One of the statute deals with life insurance policies payable to the insured’s estate. It provides, inter alia, that if the decedent’s will does not
“effectively bequeath the proceeds [of such life insurance policy then] * * * such proceeds [not effectively bequeathed] * * * shall be paid to the personal representative of the insured’s estate for the benefit of the surviving child or children and husband or wife, in equal portions * *
The other portion of the statute involved herein is sub paragraph Three, which provides in part:
“Whenever any person residing in the state shall die leaving insurance on his life for the benefit of the estate of the insured or payable to the estate or to the insured, his executors, administrators or assigns, the proceeds of the insurance may be bequeathed by the insured in like manner as he may bequeath or devise any other property or effects which shall be subject to disposition by last will and testament, and for such purpose specific or general expressions in the will referring to insurance or insurance proceeds shall be sufficient and effective." [Emphasis added].
It is agreed by all that the Fifth Article of this will, hereinafter called the residuary clause, does not contain a specific reference to insurance or insurance proceeds.
The appellant argues, however, that the residuary clause referred to personal property of every nature whatsoever, including but not to the exclusion of other property, and that this general residuary clause complied with the statute as a general expression in the will referring to insurance or insurance proceeds. We cannot agree.
It is our view that in order for the will of a decedent Florida resident to effectively bequeath the proceeds of life insurance polices which are payable to his estate, it must contain a specific or general expression which refers to and bequeaths sufficiently and effectively the insurance or insurance proceeds. There was no general expression in this residuary clause which referred to insurance or insurance proceeds, and these insurance proceeds *274 were not effectively bequeathed by the will.
If the general residuary clause used herein was sufficient and effective to pass these insurance proceeds under the statute, then any general residuary clause in any will would accomplish this purpose.
We expressly refrain from attempting to specify what language in a will would be sufficient to constitute a general expression referring to insurance or insurance proceeds in order to effectively bequeath the proceeds of such life insurance policies under the aforesaid statute. We simply hold by this opinion that the words used in this residuary clause did not comply with the requirements of the statute and the order of the county judge herein appealed is, therefore,
Affirmed.