QUESTION: Does a district school board have the authority to suspend or expel a student within the compulsory school age for unexcused absence or truancy?
SUMMARY: District school boards do not possess the constitutional or statutory authority to suspend or expel a student enrolled in a public school who is within the compulsory school age for unexcused absence or truancy. Students or parents alleged to be in violation of the compulsory attendance laws must be proceeded against pursuant to the procedures set forth in ss. 232.09, 232.10, 232.16, 232.17, and 232.19, F.S., and the judicial procedure prescribed by s. 39.11(1), F.S. Article IX, s. 4(b), State Const., provides that "[t]he school board shall operate, control and supervise all free public schools within the school district. . . ." The Florida Legislature has established school districts, s. 230.01, F.S., which provide free public elementary and secondary education for every Florida resident for 13 years of consecutive instruction, beginning with kindergarten. Section 232.01 requires all children between the ages of 7 and 16 years to attend school regularly during the entire school term, except as otherwise provided in Ch. 232, F.S. Although imprecise usage has led to the misconception that the power to discipline is "inherent," the power to discipline students is actually mandated by statute. See, e.g., ss. 230.23(6)(b) and (c), 232.26, 232.27, 232.41, F.S.; cf. State ex rel. Greenberg v. Board of Dentistry,297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed300 So.2d 900. The school board derives its authority to regulate in the disciplinary area and in connection with compulsory pupil attendance from the Legislature. See Art. IX, s. 1, State Const., requiring the Legislature to make adequate provision by law for a uniform system of free public schools and Art. IX, s. 2, giving the State Board of Education such supervision of the system of public education as may be provided by law. See also Chs. 228 and 229, F.S. Article IX, s. 4, does not in terms empower school boards to require attendance at public schools or to regulate or enforce the compulsory school attendance laws, and in this regard it does not appear to be self-executing or to vest any of the police power of the state in the school officials. Such being the case, the school officials are not constitutionally endowed with the police power, or any part thereof, to regulate in the area of compulsory pupil attendance at the public schools and cannot arrogate to themselves the arbitrary power or unbridled discretion to determine or adjudicate such matters. See Barrow v. Holland,125 So.2d 749 (Fla. 1960); Lewis v. Board of Health, 143 So.2d 867
(1 D.C.A. Fla., 1962), cert. den'd, 149 So.2d 41 (Fla. 1963). Such sovereignty, unless otherwise delegated by the Constitution, is vested in and conveyed to the Legislature by Art. III, s. 1, State Const. See generally 16 C.J.S. Const. Law ss. 66, 70, 106. Also, compare Lopez v. Williams, 372 F. Supp. 1279, 1293 (S.D.Ohio 1973) aff'd., Goss v. Lopez, !mLN!x U.S. !mLN!x (1975), with Banks v. Board of Public Instruction, 314 F. Supp. 285, 290 (S.D.Fla. 1970), aff'd., 450 F.2d 1103 (5th Cir. 1970), vacated,401 U.S. 988 (1971). School boards, albeit creatures of the Constitution, are part of the machinery of government exercising, pursuant to legislative authority, such part of the governmental powers of the state as the law confides in them and operating at the local level as an agency of the state, and the extent of their powers rests exclusively in legislative discretion. Such powers may be enlarged, diminished, modified, or revoked at the pleasure of the Legislature. Buck v. McLean, 115 So.2d 764 (Fla.App. 1959); Board of Public Instruction v. State ex rel. Allen, 219 So.2d 430 (Fla. 1969). Pursuant to s. 230.23(6), F.S., the district school boards are empowered to provide for the attendance and control of pupils at school, as prescribed in Ch. 232, F.S. Pursuant to s. 230.23(6)(b), the school boards are also charged with the duty to provide for the enforcement of all laws and regulations relating to the attendance of pupils at school and to provide for the employment of such assistants to the superintendent as may be needed to enforce such laws effectively. In those districts in which no attendance assistants are employed, the superintendent shall have such duties and exercise such powers as are by law assigned to attendance assistants. Section 232.16. Under s. 230.33(8), F.S., the district superintendent of schools has the duty to recommend plans to the school board for the attendance and control of pupils at school as prescribed by Ch. 232, F.S., and for the enforcement of pupil attendance laws and regulations and the employment of qualified assistants as he may deem necessary to effectively enforce attendance laws. Section 230.33(8)(b). The superintendent has the additional duty to propose rules and regulations for the proper control, discipline, and suspension of pupils and to transmit to the school board for action recommendations for the dismissal of pupils. Section 230.33(8)(c). Section 232.09, F.S., provides, in pertinent part, that: Each parent of a child within the compulsory attendance age shall be responsible for such child's school attendance as provided by law. (Emphasis supplied.) [See s. 232.01(1)(a) and (b), F.S.] Under this section, the absence of a child from school is prima facie evidence of a violation except under the conditions specified in subsections (1) through (5) of s. 232.09, F.S. If the unauthorized absence was without parental consent, knowledge, or connivance, or if a parent has made a bona fide and diligent effort to control and keep the child in school and is unable to do so, the parent may not be held responsible for the child's nonattendance. In such instances, the child is to be dealt with as a delinquent. Section 232.09(2). Pursuant to s. 232.19, F.S., the circuit courts shall have original and exclusive jurisdiction of all proceedings involving children which relate to compulsory school attendance. Proceedings involving parents or employers shall be in the court of each county having jurisdiction of misdemeanors. The superintendent is required to institute criminal prosecution against the parents in each case of unexcused nonenrollment or nonattendance upon the part of a child required to attend school. Section 232.19(2). If a child required to attend school becomes a habitual truant, the attendance assistant has the duty to file a complaint in the circuit court alleging such facts. Section 232.19(3). Proceedings or prosecutions under Ch. 232, F.S., may be begun by the superintendent, an attendance assistant, the probation officer of the county, the executive officer or any officer of any court of competent jurisdiction, or a duly authorized agent of the Department of Education. Section 232.19(5). A parent who refuses or fails to have a child under his control attend school regularly shall be guilty of a misdemeanor of the second degree. Section 232.19(6)(a). Continued or habitual absence of a child without the consent of the principal, teacher, or tutor in charge shall be prima facie evidence of a violation of Ch. 232. Section 232.19(6)(a). A child within the compulsory school age who, because of irregular attendance, habitual truancy, or persistent misconduct, has become incorrigible and a menace to the school he attends shall be treated as if he were a child in need of supervision by the circuit court of the county. Section 232.19(5)(b). Florida's juvenile code at s. 39.01(11)(a), F.S., as amended by Ch. 74-368, Laws of Florida, defines a "child in need of supervision" to mean, inter alia, a child subject to compulsory school attendance, who is truant from school, and s. 39.11(1)(a) and (b), F.S., prescribes the powers of the circuit court with respect to a child in need of supervision. See also T.A.F. and E.M.F. v. Duval County, 273 So.2d 15 (1 D.C.A. Fla., 1973), cert. denied, 283 So.2d 564 (Fla. 1974), where this procedure is discussed. Section 232.17(2)(b) and (c), F.S., which provides for the investigation of nonenrollment and unexplained absences of children within the compulsory school age requires written notice to the parents when no valid reason is found for the child's nonenrollment or absence from school. The parent has 3 days from the receipt of such notice to comply with enrollment or attendance requirements. If such notice and requirement should be ignored, the superintendent is required to take such steps as are necessary to bring criminal prosecution against the parent, guardian, or other person having control of such child. When comparing the previously cited statutes relating to compulsory school attendance with the provisions of the school code relating to the control and discipline of students generally, e.g., ss. 230.23(6)(c) and 230.33(8)(c), F.S., it is apparent that these latter sections relate to disciplinary control within the schools rather than to the enforcement of compulsory school attendance laws and requirements. Further, the exercise of any power or the performance of any duty provided for by s. 230.23(6)(b) and (c) or s. 230.33(8)(b) and (c), F.S., is by the express terms of those laws to be exercised or performed as prescribed in Ch. 232, F.S., concerning the compulsory school attendance of pupils at school, and not under the authority of or in the manner prescribed in Ch. 230, F.S. The applicable provisions of Ch. 232 circumscribe all the powers of school officials. See State ex rel. Hathaway v. Smith, 35 So.2d 650 (Fla. 1948); Lewis v. Board of Health, supra; Florida Growers Coop. Transport v. Department of Rev.,273 So.2d 142 (1 D.C.A. Fla., 1973), cert. denied, 279 So.2d 33 (Fla. 1973); State ex rel. Greenberg v. Board of Dentistry, supra. The enforcement mechanism of the compulsory attendance laws is specifically provided for by statute and vests in and imposes upon the superintendent, the attendance assistants, or the school board the power and the duty to investigate, report, and prosecute in the courts any child within the compulsory school age for nonenrollment or unexplained absences or truancy. A statute which enumerates certain things on which it is to operate or forbids certain things must be construed as excluding from its operation all things not expressly mentioned therein. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952). When a statute authorizes public officials to proceed in a particular way or upon specific conditions, it implies a duty not to proceed in any manner other than that which is authorized by law. White v. Crandon,156 So. 303 (Fla. 1934). To state it another way, a legislative directive as to how a thing shall be done is, in effect, a prohibition against its being done in any other way. See Alsop v. Pierce,19 So.2d 799 (Fla. 1944). The compulsory attendance laws specifically direct how such cases are to be investigated, reported, and prosecuted, either against the parent or child or both in appropriate cases. The school board and the superintendent of schools are without jurisdiction or authority to suspend or to expel a child for unexcused absences or truancy. It is axiomatic that if any reasonable doubt exists as to the lawful existence of a particular power by an administrative agency or official, the further exercise of that power should be arrested. Edgerton v. International Co., 89 So.2d 488 (Fla. 1956); City of Cape Coral v. GAC Utilities, Inc., 281 So.2d 493 (Fla. 1973). In so concluding, I have not overlooked s. 232.41, F.S. (former s. 242.48, F.S.), which requires school boards . . . to enforce the provisions of this law by suspending or, if necessary, expelling any pupil in any elementary or secondary school who refuses or neglects to observe these provisions. (Emphasis supplied.) Except for changes in terminology in Ch. 232, F.S., made by Ch. 69-300, Laws of Florida, to conform Ch. 232 to the Constitution as revised in 1968, s. 232.41 is substantially identical to s. 3 of Ch. 21777, 1943, Laws of Florida, which was an act to prohibit the establishment or organization of secret societies in public schools, to prohibit pupils enrolled in public schools from joining or becoming members of such secret organizations, to authorize the several school boards to prescribe necessary rules and regulations to carry out and enforce the provisions of that act (Ch. 21777), and requiring the school boards to enforce that act by suspension or, if necessary, expulsion from school. The Table of Repealed and Transferred Sections, Vol. 3, F.S. 1973, at p. 220, reflects that former s. 242.48 (s. 3, Ch. 21777), was transferred to s. 232.41, F.S. 1973, in 1955, apparently by Statutory Revision. Although Statutory Revision in compiling the general laws may transfer a chapter or law, or part thereof, from one location in the statute books to another or change the form or arrangement thereof by transferring the same (see s. 11.242(5)(e) and (f), F.S. 1973, s. 16.44(6)(f) and (g), F.S. 1953), the reviser is without authority to make law or to effect any change in the substantive law. The fact that an existing statute, or part thereof, is placed by the reviser in, or is transferred to, another chapter of the statutes is of no controlling effect. The Legislature, and it alone, is clothed with the lawmaking power and no amendments of laws or changes therein made by the reviser can become law without express legislative action through the process of a reviser's bill considered, approved, and enacted by the Legislature. Foley v. State, 50 So.2d 179 (Fla. 1951); City of Coral Gables v. Brasher, 120 So.2d 5 (Fla. 1960); In re Alworth's Estate, 151 So.2d 478 (Fla. 1963); Jones v. Christina,184 So.2d 181 (Fla. 1966); McCulley Ford, Inc. v. Calvin, 308 So.2d 189 (1 D.C.A. Fla., 1975). Chapter 21777, 1943, Laws of Florida, as brought into the statutes in former s. 242.48, F.S., and as transferred by the reviser to existing s. 232.41, F.S. 1973, did not grant any powers to or impose any duties upon the several school boards or the superintendents of schools to prescribe any rules or regulations to carry out and enforce the compulsory school attendance laws or to enforce such attendance laws by suspension or expulsion from the public schools for unexcused absences or truancy. If the act of the statutory reviser in transferring former s. 242.48, F.S., to existing s. 232.41, F.S., is given the legal effect of enlarging the powers of the school boards or the superintendents of schools to regulate in the area of and in connection with the compulsory pupil attendance laws, the substantive law would have been changed without legislative sanction and such change in such attendance laws by the reviser would not have been duly or constitutionally enacted and would be without legal force and effect. To preserve the legal operative effect of s. 232.41, it should be construed, and I so construe it, as being applicable to, and only to, existing ss. 232.39 and 232.40, F.S. 1973. The investigation, reporting, prosecuting, and penalizing of all cases of nonenrollment or unexcused absences from schools of pupils within the compulsory school age are controlled and governed exclusively by ss. 232.09, 232.10, 232.16, 232.17, and 232.19, F.S., as well as ss. 39.01
and 39.11, F.S. In sum, in view of the authorities and statutes discussed herein, the lack of specific constitutional or statutory power to suspend or expel for unexcused absence or truancy and the statutes specifically providing the manner in which such is to be investigated, reported, prosecuted, and penalized, no other enforcement powers, procedures, or penalties may be implied; and until legislatively or judicially determined otherwise, I am of the opinion that school boards are not empowered to expel or suspend students for unexcused absences or truancy.