Chester F. Blakemore Executive Director, Department of Highway Safety and Motor Vehicles Tallahassee
QUESTION:
Does s. 8, ch. 79-359, Laws of Florida, requiring the sales price to be properly indicated by the seller on the labeled place on a certificate of title and thereafter notarized, apply to motor vehicle certificates of title governed by ch. 319, F. S.?
SUMMARY:
Section 8, ch. 79-359, Laws of Florida, is applicable to motor vehicle certificates of title as well as boat certificates of title. The fact that the Division of Statutory Revision did not also place the provisions of this section in ch. 319, F. S., which governs motor vehicle title certificates is of no controlling effect and does not alter this conclusion, since the division is without authority to effect any change in substantive law.
Section 8, ch. 79-359, Laws of Florida, provides as follows:
 It is the intent of the Legislature that, except as provided in s. 371.76(3), Florida Statutes, all certificates of title issued after the effective date of this act shall contain a labeled place for the seller's price to be indicated, and no notary public shall notarize a title transfer until the seller properly indicates the sales price, if a labeled place is provided on the title. It is the further intent of the Legislature that no title shall be accepted for transfer by any county tax collector or other agent of the state unless the sales price is entered in the appropriately labeled place on the title by the seller, if a labeled place is provided on the title.
Section 9, ch. 79-359 expresses the further intent of the Legislature that the Department of Revenue `conduct an audit of private vehicle and boat sales transactions' and report to the Legislature on the progress and findings of such audit. Cf. s.212.05(1)(a) and (b), F. S. (subjecting occasional or isolated sales of aircraft, boats, and motor vehicles to the 4-percent sales tax), and s. 212.06(10), F. S., providing:
 No title certificate shall be issued on any boat or any vehicle, or, if no title is required by law, no license or registration shall be issued for any boat or vehicle, unless there be filed with such application for title certificate or license or registration certificate a receipt issued by an authorized dealer or a designated agent of the Department of Revenue, evidencing the payment of the tax imposed by this chapter where the same is payable. For the purpose of enforcing this provision, all county tax collectors and all persons or firms authorized to sell or issue boat and vehicle licenses are hereby designated agents of the department and are required to perform such duty in the same manner and under the same conditions prescribed for their other duties by the constitution or any statute of this state. All transfers of title to boats, motor vehicles, and all other vehicles are presumed to be taxable transactions until otherwise shown.
Your letter advises that, although s. 8 refers to `all certificates of title,' the Division of Statutory Revision did not place this section in ch. 319, F. S., which relates to certificates of title for motor vehicles. Instead, the division placed this section in s. 371.76, F. S., a statutory provision relating only to title certificates for boats. See s. 7 of ch. 79-359 amending s. 371.76(3) to require the department to provide a labeled place on a boat certificate of title where the seller's price can be indicated when a boat is sold; see also s. 6, ch. 79-359, amending s. 319.31(2) to require the Assignment of Certificate of Title on the face of or on the reverse of each certificate of title to designate a place thereon where the `Assignor's Selling Price' is indicated. Under these circumstances, you are apparently uncertain whether s. 8 applies also to motor vehicle certificates of title.
The cardinal rule with respect to statutory interpretation is to determine and effectuate the intent of the Legislature. Smith v. City of St. Petersburg, 302 So.2d 756 (Fla. 1974), and American Bakeries Co. v. Haines City, 180 So. 524 (Fla. 1938). The intent of a statute is the law. State v. Williams, 343 So.2d 35 (Fla. 1977), and Pillans Smith Co. v. Lowe, 157 So. 649 (Fla. 1934). Applying this principle to your inquiry, it is evident that, while ch. 79-359, Laws of Florida, amends several laws, all of its provisions impact upon sales transactions and the sales tax law, ch. 212, F. S. Under these circumstances, it is essential to read ch. 79-359 with ch. 212. If a statute is ambiguous or susceptible to more than one interpretation, it is the duty of the court to determine the legislative intent from a consideration of the statute as a whole, the evil to be corrected, the language of the act, including its title, the history of its enactment, and the state of the law already in existence bearing on the subject and construe the law so as to effectuate the evident legislative intent. Foley v. State, 50 So.2d 179 (Fla. 1951), and Jackson Lumber Co. v. Walton County, 116 So. 771 (Fla. 1928). See also
Ferguson v. State, 377 So.2d 709 (Fla. 1979), and City of Coral Gables v. Board of Public Instruction of Dade County, 313 So.2d 92
(3 D.C.A. Fla., 1975), holding that a statute should be construed together with and in harmony with other statutes relating to the same subject matter or having the same purpose.
When ch. 79-359, Laws of Florida, is considered together with ch. 212, F. S., it becomes apparent that the Legislature enacted ch. 79-359 to facilitate revenue collections by the state arising from the sales of motor vehicles and boats and, by means of such enactment, to lead to more effective enforcement of s. 212.06(10). In other words, by requiring that certificates of title for motor vehicles and boats show the selling price, the Legislature has acted to better effectuate the collection of the sales tax on sales transactions and to inhibit the transfer of title of such vehicles and boats, unless the sales price is entered on the title certificate. In addition, the title of ch. 79-359 leads one to the conclusion that both motor vehicles and boats were intended to be encompassed within the terms of the law. It is well established that a court may look to the title of an act in order to assist in defining the scope of the act. Finn v. Finn, 312 So.2d 726 (Fla. 1975). The title of ch. 79-359 provides, in pertinent part, that it is:
 An act relating to the tax on sales, use, and other transactions . . . requiring that certificates of title for motor vehicles and boats contain a labeled place for indication of the seller's price; providing legislative intent that no notary public shall notarize a title transfer and no tax collector or other agent shall accept a title for transfer without such information if so labeled . . . . (Emphasis supplied.)
From the foregoing, it seems evident that the directives outlined in s. 8 were intended to apply to motor vehicles as well as boat certificates of title; and the placement by the statutory reviser of provisions thereof in s. 371.76, F. S., cannot affect the intent of the Legislature as expressed in ch. 79-359. Williams v. Jones, 326 So.2d 425, 435 (Fla. 1975). This conclusion is further supported by the Legislature's use of the comprehensive and expansive term `all' when referring to certificates of title governed by this statutory provision. The act applies to `all
certificates of title issued after the effective date of this act.' See Florida State Racing Commission v. McLaughlin,102 So.2d 574 (Fla. 1958), and State v. City of Jacksonville, 50 So.2d 532
(Fla. 1951), holding that when a broad, comprehensive term is used, that term includes everything within and to which the generality of the term intends.
Accordingly, I am of the view that the provisions of s. 8, ch. 79-359, Laws of Florida, apply to certificates of title for both motor vehicles and boats. Having reached this conclusion, it necessarily follows that the exclusion of this section from ch. 319, F. S., in no way diminishes the applicability of s. 8 to motor vehicle certificates of title. As this office noted in AGO 075-148:
 Although Statutory Revision in compiling the general laws may transfer a chapter or law, or part thereof, from one location in the statute books to another or change the form or arrangement thereof by transferring the same (see s. 11.242(5)(e) and (f), F.S., 1973, s. 16.44(6)(f) and (g), F.S. 1953), the reviser is without authority to make law or to effect any change in the substantive law. The fact that an existing statute, or part thereof, is placed by the reviser in, or is transferred to, another chapter of the statutes is no controlling effect. The Legislature, and it alone, is clothed with the lawmaking power and no amendments of laws or changes therein made by the reviser can become law without express legislative action through the process of a reviser's bill considered, approved, and enacted by the Legislature. Foley v. State, 50 So.2d 179 (Fla. 1951); City of Coral Gables v. Brasher, 120 So.2d 5 (Fla. 1960); In re Alworth's Estate, 151 So.2d 478 (Fla. 1963); Jones v. Christina, 184 So.2d 181 (Fla. 1966); McCulley Ford, Inc. v. Calvin, 308 So.2d 189 (1 D.C.A. Fla. 1975).
Therefore, it is clear that ch. 79-359 is the official primary evidence of the law as enacted by the Legislature, and that law governs the procedures pertaining to certificates of title for motor vehicles and boats at least until the 1981 reenactment of Florida Statutes 1979. It should be noted, however, that this office is unable to opine as to the legal consequences or effect of any 1981 reenactment of s. 371.76(5), F. S., and the Florida Statutes 1979 in its existing state upon the transfer of motor vehicle certificates of title or the duties of notaries public or the county tax collectors with respect to such transfers. It is strongly suggested, therefore, that the Department of Highway Safety and Motor Vehicles bring this matter to the attention of the 1981 Legislature by way of a reviser's bill or other legislation. Cf. City of Coral Gables v. Brasher, 120 So.2d 5, at 8 (Fla. 1960), wherein the court stated:
 If it can be said that for any reason that after the 1959 legislature adopted the attorney general's revision of the 1957 acts, the presumption created by Chapter 57-340, is now burdened with the infirmity in Chapter 185, it certainly would still accord with reason, the intent of the legislature . . . to hold that prior to 1959 the presumption stood and was applicable to all police officers in the state . . . . (Emphasis supplied.)
Prepared by: Patricia R. Gleason, Assistant Attorney General