GLICKSTEIN, Judge.
James F. Connor was a law enforcement officer employed by the Town of Palm Beach in June, 1976. During the evening of June 17, 1976, Officer Connor suffered a heart attack which rendered him totally and permanently disabled for work as a law enforcement officer. Thereafter he sought duty disability pension benefits under the Town of Palm Beach Employees Retirement System. Pursuant to the Town’s ordinances, Officer Connor selected a physician; the Board of Trustees, Town of Palm Beach Employees Retirement System (hereinafter called the Board) selected a physician; and the two physicians selected a third physician to form a medical committee. The committee was created to determine the nature of the disease suffered by the officer and the disease’s effect on the officer’s employment. All three physicians concurred that the officer’s heart disease was not caused by his employment.
On April 20, 1977, the officer’s attorneys wrote to the Board that they were in receipt of the physicians’ report, that they requested a formal hearing, and that they understood the Board next met on June 8, 1977. On June 3, 1977, the Board met and conducted its business. As part of the agenda one of the officer’s attorneys ad *953 dressed the Board and, according to the minutes of the meeting, “introduced the hospital records and a deposition of Mr. Connor.” The Board had no attorney present. The officer’s attorney argued that Section 185.34, Florida Statutes (1977) entitled his client to a presumption that any heart disease was suffered in the line of duty unless the contrary is shown by competent evidence. It was further argued that the deposition bore out the contention that the heart disease was job related. The members of the Board then made individual comments and passed a motion to obtain a legal opinion on the relationship of the above statute to the physicians’ report and the Town’s ordinance. Thereafter, the officer’s attorney asked whether the hearing was continued, but she never received a response.
The Town attorney prepared a written legal opinion to the Board on July 14, 1977, which said that Section 185.34, Florida Statutes (1977) was not applicable because the medical report stated that the officer’s problem was not job related. The Town attorney recommended that the Board base its decision on medical evidence and the Town’s ordinance. The officer’s attorneys did not receive a copy. The Board considered the officer’s claim at the September 28, 1977 meeting. The Town attorney was present. Neither the officer nor his attorneys had been notified of the meeting and neither attended. The Town attorney stated his opinion that the officer did not qualify for disability and the Board passed a motion to accept the opinions of the three physicians and the Town attorney. Two days later the Board notified the officer’s attorneys of the decision.
On December 12, 1977, Officer Connor’s attorneys filed a complaint for declaratory relief in the circuit court. The subsequently filed third amended complaint was answered by the Town and the Board, hereinafter called appellees. As their fourth affirmative defense, they alleged that the exclusive remedy for review of the Board’s decision was a petition for common law certiorari to be filed within thirty (30) days of the decision, that is, on or before October 28, 1977.
On August 23, 1978, appellees sought summary judgment on the ground raised by their fourth defense. The officer’s attorney, in an affidavit filed in opposition to the motion, asserted:
There was no indication that testimony could, or would, be received [during the Board meeting of June 3, 1977]. Rather, I was merely allowed to formally present Mr. Connor’s claim.
She further alleged that she had asked if the “hearing” was being continued.
The trial court agreed that common law certiorari was the sole method for review of a quasi-judicial decision of an administrative board of a municipality and held that the hearing of June 3, 1977 was quasi-judicial. The court concluded it was without jurisdiction to consider the cause because certiorari had not been sought. We reverse.
In Jezek v. Vordemaier, 227 So.2d 69, 72 (Fla. 4th DCA 1969) we noted in dictum:
Appellant contends, as part of his argument, that he could not have been seeking review of a quasi-judicial ruling because the “hearings” before the Real Estate Commission were not judicial in nature. In support of this argument appellant submits in his appendix copies of correspondence between his attorneys and the Real Estate Commission, and suggests in argument in the brief, that there was an absence of (1) sworn testimony, (2) a transcript of proceedings before the commission, and (3) a formal order of ruling of the commission containing its ultimate findings and conclusions. None of these matters were alleged in the complaint for declaratory judgment, and hence are not properly before this court. We simply note, as obiter dictum, that were these matters properly before this court as part of the record, it would be clear that the two “hearings” held by the real estate commission would not be sufficient to convert the purely administrative action (which it had taken pursuant to its rules) into a *954 quasi-judicial action, reviewable only by certiorari.
Our sister courts reached similar conclusions. In Board of County Commissioners of Hillsborough County v. Casa Development, Ltd., 332 So.2d 651, 654 (Fla. 2d DCA 1976), the Second District Court of Appeal said:
Before an administrative proceeding can be quasi-judicial in character, there must be a requirement for a hearing to be held upon notice at which the affected parties are given a fair opportunity to be heard in accord with the basic requirements of due process, including the right to present evidence and to cross-examine adverse witnesses, and the judgment of the agency or board should be contingent upon the showing made at the hearing.
Further, the First District Court of Appeal held in Harris v. Goff, 151 So.2d 642, 644 (Fla. 1st DCA 1963):
In the Bloomfield case [Bloomfield v. Mayo, 119 So.2d 418 (Fla. 1st DCA 1960), aff’d. 147 So.2d 388 (Fla.1962)] this court was confronted with a similar problem regarding the appropriate method of reviewing the action of an administrative agency. In that case we held that before an administrative order may be considered quasi-judicial in character and therefore subject to review by certiorari, the statute authorizing the entry of such an order must also require that the administrative agency give due notice of a hearing to be held on the question to be considered, and provide a fair opportunity to be heard in a proceeding in which the party affected is accorded the basic requirements of due process of law. Such requirements must afford the affected party the opportunity of being present in person and by counsel, to present evidence in support of his position and to cross-examine adverse witnesses whose testimony is offered at the hearing. If the board, agency or commission intends to insist that its ruling or order to be entered upon the showing made at the hearing be reviewed only by certiorari, the obligation rests upon the board or agency to see that a proper record of the entire proceeding is made, which record shall include its ultimate findings and conclusions. (Footnote omitted.)
Sub judiee, there was no sworn testimony, no witnesses, no examination or cross-examination, no transcript, and no order containing findings and conclusions. With respect to the meeting of September 28, 1977, there was no notice to and appearance by the officer and his attorney. Consequently, the meetings of the Board were not quasi-judicial. As a result the trial court had jurisdiction to consider the officer’s action for declaratory relief and should not have ordered summary judgment. Accordingly, we reverse and remand for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HERSEY, J., concurs.
BERANEK, J., concurs in result only.