GLICKSTEIN, Judge.
This is an appeal from a final judgment in favor of the plaintiff pursuant to a jury verdict which found that the plaintiff became totally disabled for duty as a municipal police officer by reason of a personal injury or disease occurring as a natural and proximate result of causes arising out of and in the course of his employment by the town. We affirm.
This is the second occasion for our review of the proceedings; and we feel that the matter has been handled by the trial court in a manner consistent with everything we said in Connor v. Town of Palm Beach, 398 So.2d 952 (Fla. 4th DCA 1981). All of the defects in appellant’s proceedings which were recited in our earlier opinion entitled appellee to a de novo consideration of the issue ultimately determined by the jury pursuant to section 86.071, Florida Statutes (1983). That meant a full exploration of the facts alleged in the complaint, not just a narrow review to determine the existence of arbitrariness on the part of the Board. See Bloomfield v. Mayo, 119 So.2d 417, 423 (Fla. 1st DCA 1960).
There is no question in our minds about the right of appellee, a municipal police officer, to the statutory presumption contained in section 185.34, Florida Statutes (1983).
Any condition or impairment of health of any and all police officers employed in the state caused by tuberculosis, hypertension, heart disease, or hardening of the arteries, resulting in total or partial disability or death, shall be presumed to be accidental and suffered in line of duty unless the contrary be shown by competent evidence.
See City of Coral Gables v. Brasher, 120 So.2d 5 (Fla.1960).
We are equally confident that the trial court properly instructed the jury upon the foregoing presumption, which was non-vanishing and affected the burden of proof. See Caldwell v. Division of Retirement, Florida Department of Administration, 372 So.2d 438 (Fla.1979).
DOWNEY, J„ and GUNTHER, BOBBY, Associate Judge, concur.