HALL, Judge.
The city of Tampa and the board of trustees for its firefighters and police officers’ pension fund (pension board) petition this court for a writ of certiorari to quash an order of the circuit court reversing the pension board’s denial of disability payments to respondent David Opitz.
The pension board and the city of Tampa contend that the order of the circuit court quashing the decision of the pension board departed from the essential requirements of law. We agree.
Both the pension board’s regulations and the terms of the employment contract executed by the city and its firefighters specify that an application for disability payments shall be referred by the pension board to a “medical board,” which is to report its findings and recommendations to the pension board. We find no error in the circuit court’s conclusion that the medical board was not properly convened in the present case or that Opitz generally was not afforded due process by the pension board. However, we agree that the trial court departed from the essential requirements of law in reweighing the disputed evidence, in finding that Opitz was permanently physically incapacitated, and in ordering the pension board to award Opitz the disability payments it had previously denied him. DeGroot v. Sheffield, 95 So.2d 912 (Fla.1957). Rather than ordering the pension board to award Opitz the disability payments he had sought, the court should have directed the pension board to reevaluate Opitz’s application after a proper hearing in accordance with the guidelines established in the circuit court’s order.
The petition for writ of certiorari is denied in part and granted in part, and this case is remanded to the circuit court for further proceedings consistent with this opinion.
CAMPBELL, A.C.J., and THREADGILL, J., concur.