# DABBS v CITY OF TAMPA, et al.

## Case No. 90-26399

Thirteenth Judicial Circuit, Hillsborough County

December 4, 1991

### APPEARANCES OF COUNSEL

**Mattias Blanco, Esquire,** for petitioner/appellant.

**Charlene Edwards, Esquire,** Assistant City Attorney, for respondent/appellee, City of Tampa.

**James B. Loper, Esquire,** for respondent/appellee, The Firefighters and Police Officers Pension Board of the City of Tampa.

Before RICHARD A. LAZZARA, Circuit Judge.

## OPINION OF THE COURT

The Petitioner seeks a writ of certiorari to review a decision of The Firefighters and Police Officer Pension Board of the City of Tampa denying his application for line of duty disability retirement. This Court has jurisdiction.[1]

The Petitioner, as a police officer, executed a pension contract with the Respondent City of Tampa on October 1, 1969. Paragraph 7 (B) provided that upon application to the Respondent Board he would be entitled to certain retirement benefits if, as a result of an in service injury, disease or disability, he had become permanently incapacitated, either physically or mentally, to fulfill his regular and continuous duties as a police officer.[2]

The issue for this Court's resolution is whether the Board had before it substantial competent evidence to support its denial of the Petitioner's application for line of duty retirement. In undertaking this analysis this Court is not permitted to reweigh the disputed evidence or to substitute its judgment for that of the Board. *DeGroot v Sheffield,* 95 So.2d 912 (Fla.1957) and *Board of Trustees v Opitz,* 518 So.2d 358 (Fla.2d DCA 1987). The Court finds from a review of the record in this case that the Board's decision, based on the relevant and material evidence considered, is such that a reasonable mind would accept it as adequate to support the conclusion the Board reached. *DeGroot,* at 916.

One of the elements the Petitioner had to prove was that the disability he alleged, i.e., hypertension, was suffered in the line of duty as a police officer. This he failed to do. Indeed, one of his own medical experts testified that he was unable to determine medically what caused this disorder. (Tr. of hearing, pg. 50) Additionally, the Petitioner's own treating physician's testimony fell far short of proving that the Petitioner's claimed disability was caused by job related duties. (Tr. of hearing, pg. 42)

In making this determination the Court has not overlooked section

---

[1] Certiorari is the appropriate method of review in this case. It is clear from the record that the Board was acting in a quasi-judicial capacity. *City of Fort Pierce v Dickerson,* 16 FLW D2848 (Fla.4th DCA November 13, 1991) and *Connor v Town of Palm Beach,* 398 So.2d 952 (Fla.4th DCA 1981). Thus, the action of the predecessor judge in this case who dismissed with prejudice counts I, II and III of the Petitioner's original complaint which sounded in breach of contract, declaratory relief and specific performance was correct.

[2] The Petitioner is currently receiving longevity retirement benefits pursuant to Paragraph 7(A) of his pension contract which are less than the retirement benefits he sought from the Board.

**83**

185.34, Fla. Stat. (1989). The Petitioner urges that the presumption created by the statute inures to his benefit.[3] The Court disagrees.

As noted, n.3. *supra,* this statute was amended in 1986. The last two sentences were deleted and the following sentence inserted: "This section shall be applicable to all police officers employed in this state *only with reference to pension and retirement benefits under this chapter."* (emphasis supplied) Moreover, section 185.32, Fla. Stat. (1989), which was enacted and amended once in the 1950's and remains unchanged to this day, makes it clear that chapter 185 does not apply to "any person who is or may become eligible to become a member of any other retirement system provided for by law, or of any retirement system provided for by any ordinance of any incorporated municipality of the state, . . ."

In this case the record clearly reflects that the Petitioner was not a member of a state retirement fund created by chapter 185 but instead was a member of a local retirement fund of the City of Tampa created by special acts of the legislature and by municipal ordinances.[4] Accordingly, based on the interplay of these statutes in relation to the record in this case, it is evident that the Petitioner is not entitled to the benefit of the presumption created by section 185.34 in that he does not fall within the definitional ambit of "police officers" entitled to the statutory presumption.

Nor does the application of section 185.34, as amended, to Petitioner's case violate the constitutional provision against impairing the obligation of a contract. Although the Petitioner signed his pension contract in 1969, the proceedings before the Board directed to his application for line of duty disability retirement did not commence until 1988 or until after the statute was amended. Given the fact that the amended statute did nothing more than definitively clarify once and for all what category of police officers were entitled to the presump-

---

[3] Section 185.34, Fla. Stat. (1989), as amended in 1986 by ch. 86-42, section 21, Laws of Fla., provides in pertinent part:

Any condition or impairment of health of any and all police officers employed in this state caused by . . ., hypertension, . . . resulting in total or partial disability or death, shall be presumed to be accidental and suffered in line of duty unless the contrary be shown by competent evidence.

*See Caldwell v Division of Retirement,* 372 So.2d 438 (Fla.1979) for a discussion of the evidentiary effect of this type of statutory presumption.

[4] This fact is manifested in Petitioner's supplemental pension contract executed on October 31, 1974 with the Respondent City of Tampa (Trustees' [Respondent Board's] App. pg. 49)

tion,[5] the amendment was procedural in nature. Thus any procedural right the Petitioner may have had under the statute in effect at the time of the execution of his pension contract could be abrogated by the legislature because "no one has a vested right in any given mode of procedure." *Walker and LaBerge, Inc. v Halligan,* 344 So.2d 239, 243 (Fla. 1977). Hence, the Board was entitled, if not mandated, to apply the statute then in effect at the time it was considering the Petitioner's application. *Accord Stein v Miller Industries, Inc.,* 564 So.2d 539 (Fla.4th DCA 1990).

Therefore, for the reasons expressed, the petition for writ of certiorari is *denied* and the decision of the Respondent Board is affirmed.

---

[5] *Compare City of Coral Gables v Brasher,* 120 So.2d 5 (Fla.1960) *and Board of Trustees v Connor,* 453 So.2d 910 (Fla.4th DCA 1984).